

Jonathan Stein, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Michael L. Martinez, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

BECHTLE, District Judge.

This suit challenges the Secretary's interpretation of section 301 of the Social Security Disability Amendments of 1980, codified at 42 U.S.C. § 425(b) and 42 U.S.C. § 1383(a)(6). Presently before the court is defendant's motion for reconsideration of that portion of the Memorandum and Order entered December 8, 1983, which determined that plaintiff's counsel are not barred from filing a request for attorney's fees under § 2412(d)(1)(B) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B) (Supp.1983). The motion for reconsideration will be denied.

Section 2412(d)(1)(B) of the EAJA provides that "[a] party seeking an award of fees ... shall, within thirty days of final judgment in the action, submit to the court

## Judith PASKEL
### v.
### Margaret HECKLER, Secretary of Health and Human Services, and John A. Svahn, Commissioner, Social Security Administration.

#### Civ. A. No. 83–1201.

United States District Court, E.D. Pennsylvania.

Jan. 9, 1984.

an application for fees...." The issue raised by defendant's motion is what constitutes a "final judgment" within the meaning of § 2412(d)(1)(B).

In its Memorandum of December 6, 1983, this court, citing the Ninth Circuit's recent decision in *McQuiston v. Marsh*, 707 F.2d 1082, 1085 (9th Cir.1983), stated that " 'final judgment' for purposes of § 2412(d)(1)(B) should be defined by its common usage in contexts such as 28 U.S.C. § 1291, Fed.R.App.P. 4(a), and Fed. R.Civ.P. 54." *Paskel v. Heckler*, C.A. No. 83–1201, slip op. at 13 (E.D.Pa. Dec. 6, 1983). Defendant's motion for reconsideration points out that Rule 54 defines a "judgment" to include "any order from which an appeal lies."

According to defendant, application of the Rule 54 definition to § 2412 means that the failure to file a timely EAJA petition each time an appealable order is entered will bar an award of fees for work done prior to the date of the appealable order. The court cannot agree. Both section 2412 of the EAJA and the court's previous Memorandum expressly refer to *final* judgment. Use of the adjective "final" is important. As a concept final judgment is narrower than mere judgment. This was obviously recognized by the Ninth Circuit in its *McQuiston* decision since the court makes reference to 28 U.S.C. § 1291, concerning final decisions in district courts, in addition to Rule 54 in its discussion of final judgment under the EAJA. It is significant that the Ninth Circuit omitted any reference to 28 U.S.C. § 1292 concerning interlocutory decisions of district courts. In any event, the critical factor is the language of § 2412(d)(1)(B) itself which specifically directs that fee petitions be filed within thirty days of final judgment. This language is clear on its face and is unqualified by use of any preposition which would indicate that more than one final judgment per lawsuit was contemplated. For instance, the statute does not provide for filing within thirty days of a final judgment, or for filing within thirty days of judgment. To repeat, § 2412(d)(1)(B) states that a party seeking fees shall submit his application "within thirty days of final judgment in the action...." The court construes this language to mean within thirty days of the petitioned court's final resolution of the claims at issue in the suit.[1] Considering the wording of the statute and considering the historic regard for avoiding piecemeal litigation, it is unlikely that Congress intended counsel to file applications for fees under the EAJA whenever, during the course of the litigation, an appealable order was entered. Accordingly, defendant's position must be rejected.

An appropriate Order will be entered.

1. Comparison of the legislative history of the EAJA with that of another statute allowing attorneys fees to a prevailing party is instructive. While Congress is silent on the issue of interim fees under the EAJA, *see* H.Rep. No. 96–1418, 96th Cong., 2d Sess. [1980 U.S.Code Cong. & Ad.News 4953, 4984–4999], the legislative history of 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976, expressly states that "[i]n appropriate circumstances, counsel fees ... *may* be awarded pendente lite." S.Rep. No. 1011, 94th Cong., 2d Sess. [1976 U.S.Code Cong. & Ad.News 5908, 5912] (emphasis added). This court reads Congress' silence to indicate, at the very least, that interim fee applications are not required in order to preserve counsel's right to a fee award.