**AMERICAN ACADEMY OF PEDIA-
TRICS, et al., Plaintiffs,**

**v.**

**Margaret M. HECKLER, Secretary,
Department of Health and Human
Services, Defendant.**

**Civ. A. No. 83–0774.**

United States District Court,
District of Columbia.

Feb. 3, 1984.

Thomas C. Fox, Stephen E. Lawton, Elizabeth B. Carder, C. Richard Cornelius, Laurie J. Levin, Washington, D.C., for plaintiffs.

Neil H. Koslowe, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs seek an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1980), following a successful challenge to the legality of an interim final rule promulgated by the Secretary of Health and Human Services (the Secretary) relating to medical treatment of severely impaired infants. On April 14, 1983, this Court entered an Order and Declaration striking down the challenged rule and stating that "applications for attorney's fees and/or costs may be filed within 30 days of the time that this Order and Declaration becomes final." Petitions for stay of the Order and Declaration were denied by this Court and by the United States Court of Appeals, and an appeal was immediately taken. On August 4, 1983, the Secretary voluntarily dismissed the appeal. Within thirty days thereafter plaintiffs filed their applications for fees and expenses, which have now been fully briefed.

In opposing the applications the Secretary argues that they are time-barred by 28 U.S.C. § 2412(d)(1)(B) of the EAJA, which states in part:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award.... [Emphasis added].

The Secretary takes the position that the "final judgment in the action," as that term is used in the EAJA, was this Court's decision of April 14. Plaintiffs disagree, arguing that "final judgment in the action" refers to the final resolution of the case, which occurred when the Secretary dismissed her appeal on August 4.

After considering the EAJA "as a whole, taking all of its provisions and reading them in the context of the legal fabric to which they are to be applied," *United States v. 329.73 Acres of Land,* 704 F.2d 800, 819 (5th Cir.1983) (*en banc*), the Court concludes that plaintiff's interpretation of § 2412(d)(1)(B) is correct. Several factors support this result. First and foremost, the Act contemplates that in the normal course of events award of attorney's fees will be made after completion of trial and appellate consideration of the merits.[1] In passing on the issue of fees, the Court must determine, for example, whether plaintiff is a "prevailing party" and whether the government's litigation position is "substantially justified." The fate of a case on appeal may well influence or determine the Court's findings on these issues.[2] If fees were to be awarded prior to appeal "the ultimately successful party might end up having subsidized a large segment of the losing party's suit against him."

---

1. Under certain circumstances interim fee awards may be made, however. "A fee award may thus be appropriate where the party has prevailed on an interim order which was central to the case, or where an interlocutory appeal is 'sufficiently significant and discrete to be treated as a separate unit.'" H.R.Rep. No. 96–1418 at 11 (1980) [citations omitted], U.S.Code Cong. & Admin.News 1980, pp. 4953, 4990.

2. The Court may also be required to consider other factors which could require a final determination of the case after appeal, such as whether the prevailing party "unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C).

*Grubbs v. Butz,* 548 F.2d 973, 976 (D.C.Cir. 1976).

Reading the Act to require that fee applications be made within 30 days of the District Court's final decision, and then postponing consideration of the fee request until after the appellate process is completed, would also lead to a result inconsistent with the purposes of the Act. Under this approach, a plaintiff who prevailed in the District Court would have wasted the effort expended on the fees petition (as well as the efforts of the government in responding) if it then lost on appeal. Absent any showing that Congress intended to mandate such a burdensome and inefficient procedure, the Court is reluctant to conclude that the statute requires it.

The legislative history of the Act, while sparse on the point at issue, also supports plaintiffs' view. In discussing when interim fees may be awarded, the House Report states:

> In cases that are litigated to conclusion, a party *may* be deemed "prevailing" for purposes of a fee award in a civil action *prior to the losing party having exhausted its final appeal.* [Emphasis added.]

H.R.Rep. No. 96–1418 at 11 (1980), U.S. Code Cong. & Admin.News 1980, p. 4990. This permissive language clearly suggests that consideration of attorney's fees petitions *after* "the losing party [has] exhausted its final appeal" is appropriate.

Finally, plaintiffs' interpretation of the statute is consistent with the view taken by the Department of Justice in its own EAJA Manual.

> [A]djudication of attorney fees liability prior to exhaustion of all appeals may waste valuable judicial resources because the very judicial determination upon which a plaintiff must rely to establish

its claim to attorney fees cannot be finally determined until the completion of appellate review of the district court judgment entered in the case.

U.S. Department of Justice, *Award of Attorney Fees and Other Expenses in Judicial Proceedings Under the Equal Access to Justice Act* 30–31.

Accordingly, the Court holds that § 2412(d)(1)(B) of the EAJA allows a prevailing party to file an application for attorney's fees within 30 days of final disposition of a case on the merits. *Accord, McDonald v. Schweiker,* 726 F.2d 311 (4th Cir.1983).[3]

■ Plaintiffs are thus entitled to attorney's fees unless the government's litigation position in the present case was "substantially justified." 28 U.S.C. § 2412(d).[4] In determining whether the government's litigation position was substantially justified, "the test should, in fact, be slightly more stringent than 'one of reasonableness.'" *Spencer v. NLRB,* 712 F.2d 539, 558 (D.C.Cir.1983) [footnote omitted]. The burden of proof is on the government to justify its position. *Id.* at 557.

The language of the statute and its legislative history provide only limited guidance in making this determination. The D.C. Circuit's opinion in *Spencer,* while clarifying several issues which have arisen under the EAJA, also leaves many problems unresolved. It is therefore with a recognition that application of the Act is a somewhat uncertain proposition that the Court turns to consideration of the present case.

■ On the merits of plaintiffs' claims, each side prevailed in part. The government was successful in defending the general application of section 504 of the Rehabilitation Act of 1973 to at least some se-

---

**3.** The circumstances in *McDonald* are virtually identical to those in the present case. After losing at the district court level, the Secretary noticed an appeal, only to voluntarily dismiss the appeal sometime thereafter. In *McDonald,* as here, the plaintiff filed her claim for attorney's fees within 30 days of the dismissal of the appeal.

**4.** Plaintiffs have also made a belated attempt to obtain fees on the ground that the government undertook the present litigation in bad faith. No evidence whatsoever exists to support this argument; indeed, as to the litigation itself, the government's conduct in speeding resolution of this case was exemplary. Plaintiffs' application under § 2412(b) must therefore be denied.

verely handicapped infants. *See American Academy of Pediatrics v. Heckler*, 561 F.Supp. 395, 402 (D.D.C.1983). Plaintiffs, on the other hand, were successful in their challenge to the particular regulation at issue, which the Court concluded was "arbitrary and capricious and promulgated in violation of the Administrative Procedure Act." *Id.*, at 404.

The Court held, *inter alia*, that the Secretary failed to consider all relevant factors before promulgating the challenged regulation. As the Court made explicit in its opinion, the Secretary's failure in this regard was clear and egregious.

[T]he [Administrative Procedure] Act requires that all regulations shall issue only after the rulemaker has considered relevant factors to prevent arbitrary and capricious decision-making and to assure rational consideration of the impact of the contemplated regulatory action. *The instant regulation offends these established precepts to a remarkable extent*
. . . .

The record tendered in support of the Secretary's action here clearly establishes that many highly relevant factors central to any application of section 504 to medical care of newborn infants were not considered. . . .

None of these sensitive considerations touching so intimately on the quality of the infant's expected life were even tentatively noted. [Emphasis added.]

*Heckler*, 561 F.Supp. at 398–401.

This clear violation of the Administrative Procedure Act rendered the challenged regulation patently invalid. The Secretary's defense of the emergency regulation was therefore not substantially justified, and plaintiffs are entitled to recover their reasonable attorney's fees. *See Spencer*, 712 F.2d at 559.[5]

■ The Court has carefully considered the Secretary's argument that the fee claimed must be reduced because of plain-

tiffs' failure to prevail on every point raised, and has concluded that a reduction in the fee to be awarded would not be justified. Two principal factors support this result. First, plaintiffs prevailed on the issue central to the case, the validity of the challenged regulation.

Where a plaintiff has obtained excellent results, his attorney should normally recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the suit.

*Hensley v. Eckerhart*, — U.S. —, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). Second, the less successful issues involved in the lawsuit were integrally related to the central issue, "involved a common core of facts," and were "based on related legal theories." "Much of counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Id.* Applying the principles enunciated in *Hensley*, therefore, it is clear that plaintiffs are entitled to recover a reasonable fee for work performed.

Each of the three plaintiffs has submitted applications and supplemental applications for attorney's fees and other expenses. American Association of Pediatrics seeks fees for 624.4 hours of attorney time, 86 hours of paralegal and law clerk time, and $3,793.95 for expenses. NA-CHRI seeks fees for 213.9 hours of attorney time and 52 hours of paralegal time, plus $1,363.46 in expenses. Children's Hospital claims attorney time of 141 hours and $100 in expenses.

The attorney time claimed has been adequately documented and was reasonably expended. Reasonable billing judgment has been exercised, and the fees sought are equal to or less than those actually paid by the attorneys' clients. Each plaintiff shall

**5.** The Court also takes note of the government's dismissal of its appeal, and of the recent issuance of new regulations which take account of many of the objections leveled by plaintiffs at the original regulations. 49 Fed.Reg. 1622 (Jan. 12, 1984). *See Del Manufacturing Co. v. United States*, 723 F.2d 980 at 986 n. 11 (D.C.Cir.1983).

be compensated for the attorney time claimed at the statutory rate of $75 per hour.[6] Paralegal and law clerk time claimed was also reasonably expended; under the EAJA it may be reimbursed at actual salary cost to the law firm as an expense of litigation. *See Ashton v. Pierce,* 580 F.Supp. 440 (D.D.C.1984); *Berman v. Schweiker,* 531 F.Supp. 1149, 1154 (N.D.Ill.1982), *aff'd,* 713 F.2d 1290 (7th Cir.1983). Such time claimed by plaintiffs shall thus be compensated at $10 per hour.[7]

American Academy of Pediatrics is therefore awarded $47,690 for attorney's fees and paralegal and law clerk expenses. NACHRI is awarded $16,562.50 for such fees and expenses. Children's Hospital is awarded $10,575 in attorney's fees.

 Expenses including some court reporter and copying costs may be recovered under the EAJA. *See* 28 U.S.C. § 2412(a); 28 U.S.C. § 1920. Certain other expenses, including transportation, filing, research costs, and overhead are excluded. *See Action on Smoking and Health, supra,* 223–24; *Ashton, supra,* at 443; *NAACP v. Donovan,* 554 F.Supp. 715, 719–20 (D.D.C. 1982). Inasmuch as the only additional costs which may be recovered are those allowable under 28 U.S.C. § 1920, the Court need not attempt to identify such costs at this time. Plaintiffs are free to file a bill of costs with the Clerk of Court pursuant to that section.

An appropriate Order is filed herewith.

### ORDER

Upon consideration of the plaintiffs' applications for attorney's fees, expenses and costs, and for the reasons given in the Court's Memorandum filed herewith, it is hereby

ORDERED that American Academy of Pediatrics is awarded $47,690 for attorney's fees and paralegal and law clerk expenses; NACHRI is awarded $16,562.50 for such attorney's fees and expenses; and Children's Hospital is awarded $10,575 in attorney's fees; and it is further

ORDERED that plaintiffs are granted costs allowable under 28 U.S.C. § 1920, to be settled by the Clerk of Court.

---

**6.** The Court declines to exercise its discretion under § 2412(d)(2)(A)(ii) to increase the hourly rate due to inflation or the presence of "special factors." *See Action on Smoking and Health v. Civil Aeronautics Board,* 724 F.2d 211 (D.C.Cir. 1984). Taking into account all the circumstances of this case, the total amount awarded by the Court constitutes a full reasonable fee for the work performed and the results obtained.

**7.** Plaintiffs' applications, which assume that paralegal and law clerk time can be compensated at the rate billed to clients, do not include a delineation of the actual cost of such expenses. Because the amounts involved are so small a request to the parties for additional documentation is not justified, and the Court has estimated this cost to be $10 per hour. *See Ashton, supra,* at 443 (paralegals and law clerks paid approximately $9–11 per hour).