**William P. POFF, et al., Plaintiffs,**

v.

**Anne M. GORSUCH, Administrator of United States Environmental Protection Agency, et al., Defendants.**

**Civ. A. No. 82–0189(R).**

United States District Court, W.D. Virginia, Roanoke Division.

May 20, 1986.

---

T. Keister Greer, Greer & Alexander, Rocky Mount, Va., for plaintiffs.

Ralph B. Rhodes, Hutcherson & Rhodes, Rocky Mount, Va., John R. Butcher, Richmond, Va., Karen Peters, Asst. U.S. Atty., Roanoke, Va., for defendants.

MEMORANDUM OPINION

TURK, Chief Judge.

I.

This case comes before the Court on defendants' motion to dismiss plaintiffs'

motion for attorney's fees as untimely. Both parties have had the opportunity to brief and argue the issue to the Court. For the reasons stated herein, defendants' motion must be granted.

II.

The facts surrounding this dispute are well known to the Court. Plaintiffs are several families related by blood and marriage who own a portion of land in Franklin County, Virginia. In October 1982, the town of Boones Mill, Virginia attempted to condemn eighteen (18) acres of plaintiffs' land in order to construct a sewage disposal system. The Environmental Protection Agency ("EPA") was cooperating with Boones Mill and funding the project.

On December 20, 1982, plaintiffs filed a motion for a preliminary injunction in this Court, claiming that the EPA had not complied with certain prerequisites of the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* (1976), before choosing plaintiffs' meadow for the sewage facility. Before this Court ruled on plaintiffs' motion, counsel for EPA advised plaintiffs' counsel in writing on February 10, 1983 that EPA had decided to withdraw its funding of the plan.[1] According to the letter, however, the EPA had not "ruled out future consideration of a new or altered design at that site [in the future]." *See* Exhibit 1 (Letter of February 10, 1983).[2]

According to the EPA, review procedures were then "started over" and a new investigation of proposed sites was undertaken during the remainder of 1983. On April 20, 1984, at a hearing before this Court, several witnesses testified that a new government document was being prepared that would consider certain environmental factors neglected earlier.

Plaintiffs were apparently happy with the EPA's decision to "go back to the draw-

---

1. The EPA apparently withdrew funding after determining that plaintiffs' meadow lay entirely within the floodplain. *See* Exhibit 1.

2. Counsel for EPA also advised Boones Mill by letter dated June 29, 1983 that it was withdrawing the present funding and that "additional environmental studies of the project area [would] be necessary." Exhibit 2.

ing board" because, on May 18, 1984, this Court granted plaintiffs' motion for a voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Order provided in pertinent part:

> [I]t is ... ORDERED that ... this action is dismissed, ... without prejudice, and it is
>
> FURTHER ORDERED that the action may be restored to the docket by leave of Court, following a motion showing good cause for such restoration in the future, without further payment of a filing fee by plaintiffs, and it is
>
> FURTHER ORDERED that plaintiffs are granted leave after the date of this order to file an application for counsel fees should they be so advised, and the Court will pass upon whether such counsel fees are payable, and the amount thereof, upon the showing made at that time.

See Order of May 18, 1984 (granting Rule 41(a)(2) voluntary dismissal). Extensive negotiations subsequently occurred between plaintiffs and the town of Boones Mill concerning the matter. Finally, on November 25, 1985, an agreement was reached whereby plaintiffs conveyed approximately two (2) acres in fee simple and an easement over a portion of the remaining land to the Town for a total price of $25,000.00.

On February 10, 1986, plaintiffs' counsel filed an application for attorney's fees incurred in this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The Government has now moved to dismiss this motion on the basis that it was not timely filed.

### III.

The EAJA was enacted on a 3-year trial basis in 1980 and took effect on October 1, 1981.[3] It "enacts a wholesale waiver of soverign immunity and of the American rule requiring each party to bear its own fees." Carbone, The Misguided Application of Traditional Fee Doctrine to the Equal Access to Justice Act, 26 B.C.L.Rev. 843, 872 (1985). Under the EAJA, certain individuals who prevail in a suit against the United States can recover attorney's fees, unless the Court finds that the government's position was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (1982). However, a party seeking such an award

> "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under the subsection...."

28 U.S.C. § 2412(d)(1)(B). For purposes of this motion, the government does not contend that plaintiffs have not "prevailed" or that the government's position was "substantially justified." Rather, the government's sole contention is that plaintiffs' motion is time-barred because it was not filed "within thirty days of final judgment."

The issue in this case is clear: how to define "final judgment." Unfortunately, the failure of Congress to more graphically describe the phrase has presented lower courts with some difficulty. See, e.g., American Academy of Pediatrics v. Heckler, 580 F.Supp. 436 (D.D.C.1984) ("final judgment" means "final disposition on the merits," not final district court judgment). If a voluntary dismissal is not a "final judgment," then this case is still active under the EAJA and plaintiffs' motion is timely.

■ The Court holds that, for purposes of filing an application for attorney's fees under the EAJA, a Rule 41(a)(2) voluntary dismissal operates as a "final judgment." Any other conclusion would inescapably lead to absurd results and make mincemeat of the EAJA. A voluntary dismissal under Rule 41(a)(2) typically concludes a case, and the Clerk of Court generally removes the

---

**3.** All cases filed between October 1, 1981 and October 1, 1984 are subject to the EAJA. This case was filed in 1982.

file from the Court's active docket at that point. Furthermore, where a court grants a voluntary dismissal, a defendant is entitled to immediately appeal.[4] *See Le-Compte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir.1976) (where action is dismissed without prejudice, judgment is ordinarily final judgment for purposes of appeal). If, as plaintiff contends, a Rule 41(a) voluntary dismissal is not a "final judgment" under § 2412(d)(1)(B), the case could go on indefinitely and a plaintiff could conceivably wait ten years before filing a motion for attorney's fees. The EAJA specifically attempted to eliminate such stale claims, and this Court should not attempt to circumvent the clear intent of Congress.

Once a voluntary dismissal was granted, the United States had sixty (60) days to appeal that decision. Fed.R.App.P. 4(a). When that period of time elapsed and the Government failed to appeal, the judgment of this Court became an indisputable "final judgment." Plaintiff then had thirty (30) days in which to file this motion under the EAJA.[5] The time for filing this motion expired on August 18, 1984; it is obviously long overdue.

In conclusion, this Court holds that where a plaintiff requests and is granted a voluntary dismissal pursuant to Rule 41(a)(2), and such dismissal is not appealed by the United States, a plaintiff has 90 days from the voluntary dismissal date to file a motion for attorney's fees under the EAJA.[6]

Defendants' motion shall be granted in an order to be entered this date.

---

4. A lower court is typically not reversed for granting a voluntary dismissal unless the grant was an "abuse of discretion." *Paturzo v. Home Life Insurance Co.*, 503 F.3d 333 (4th Cir.1974).

5. This Court agrees with the Seventh Circuit that a "final judgment" occurs only when all appeals have either been abandoned or exhausted. At that point, a prevailing party under the EAJA then has 30 days to file a motion for attorney's fees. *See McDonald v. Schweiker*, 726 F.2d 311 (7th Cir.1983) ("final judgment" refers to point when all appellate proceedings are completed). *Accord Pastel v. Heckler*, 581 F.Supp. 15 (E.D.Pa.1984) (plaintiff must file within 30 days of final resolution of the issues); *American Academy of Pediatrics v. Heckler*, 580 F.Supp. 436 (D.D.C.1984) (attorney fees need be petitioned for only after appellate consideration on the merits). *Contra McQuiston v. Marsh*, 707 F.2d 1082 (9th Cir.1983) (motions under EAJA for attorney's fees must be filed within 30 days of district court judgment); *Taylor v. United States*, 580 F.Supp. 687 (E.D.Pa.1984) ("final judgment" is date when district court judgment is docketed and not when appeals are exhaust-

ed); *Massachusetts Union of Public Housing Tenants v. Pierce*, 577 F.Supp. 1499 (D.D.C.1984) (plaintiff not entitled to 90 days from date district court judgment was entered to file motion.)

Congress apparently agreed with the Seventh Circuit's interpretation in a recent revision of the EAJA. *See* H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 7, 18, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 135, 146 (defining "final judgment" as judgment that is final and not appealable.)

6. Even if the voluntary dismissal of May 18, 1984 were not a "final judgment," plaintiffs would still be time barred. By plaintiffs' own admission, the underlying dispute was settled November 25, 1985. *See* Plaintiffs' Application For Attorney Fees, ¶ 7. A final settlement by all interested parties, whether court-supervised or not, certainly concludes a case and is generally non-appealable. However, plaintiffs did not file this motion within 30 days of *that* date either. In short, plaintiffs filed this motion long after the docket grew inactive and must lose for failure to timely file an application no matter how the law is construed.