**Geraldine WILLIAMS**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services.**

**Civ. A. No. 85–1076.**

United States District Court, E.D. Pennsylvania.

May 20, 1988.

Eric J. Fischer, Community Legal Services, Inc., Philadelphia, Pa., Deborah Harris, for plaintiff.

Margaret Heckler by Michael L. Martinez, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

KATZ, District Judge.

The plaintiff, through her counsel, has filed a motion asking the court to award $3403.75 in attorney's fees to her counsel, Community Legal Services, Inc. (CLSI), pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). She has also filed a supplemental motion asking for an additional $279 in attorney's fees for the work involved in preparing the reply to the defendant's memorandum in opposition to her initial motion. For the reasons stated below, the court will grant both motions in part.

## I. BACKGROUND

In April 1974, the plaintiff, Geraldine Williams, was severely beaten and raped by her nephew. As a result, Ms. Williams suffered a marked decline in her physical and mental health, which prevented her from continuing to work as a short-order cook. After many visits over a period of several years to various physicians, hospitals, and clinics, Ms. Williams filed applications for supplemental security income benefits and disabled widow's insurance benefits.[1] *See* 42 U.S.C. §§ 405, 1383(c)(3). An Administrative Law Judge (ALJ), acting on behalf of the Secretary of Health and Human Services (the Secretary), denied both claims. The ALJ stated that Ms. Williams was not entitled to supplemental security income benefits and that her application for disabled widow's insurance benefits was barred by the doctrine of res judicata. Af-

---

1. The record indicates that Ms. Williams filed several claims for these benefits. She filed the claims that were at issue in this case on October 4, 1982 and November 17, 1983.

ter reviewing the case, this court remanded both claims for further development and evaluation.

The ALJ held a new hearing on March 3, 1986, at which he refused to reconsider the claim for disabled widow's insurance benefits. After the hearing, he recommended that the Secretary dismiss that claim as res judicata and grant Ms. Williams supplemental security income benefits from February 19, 1985. The basis for the latter recommendation was the ALJ's finding that Ms. Williams had an anxiety disorder as of that date, entitling her to supplemental security income benefits. *See* 20 C.F.R. 404, Subpt. P, App. 1, § 12.06 (1987); 20 C.F.R. § 416.925 (1987). The Secretary adopted the recommendations as his final decision on January 9, 1987. After reviewing the case a second time, this court reversed the findings of the ALJ and ordered the Secretary to pay Ms. Williams the greater of the disabled widow's insurance benefits or the supplemental security income benefits. *See* 42 U.S.C. § 402(k)(3)(A); *Dwyer v. Califano,* 636 F.2d 908, 909 n. 1 (3d Cir.1980).

Now Ms. Williams seeks attorney's fees for her counsel pursuant to 28 U.S.C. § 2412(d)(1)(A). The Secretary concedes that the government must pay attorney's fees and agrees to pay the amounts requested for writing the second motion for summary judgment and preparing the application for attorney's fees. He objects, however, to the amount requested for a law student's work on the first motion for summary judgment, claiming that the student's hourly rate was too high and that the time he spent was excessive. The Secretary also objects to the request that the court order him to pay all fees within thirty days or face an interest penalty. The court will discuss these objections in turn. In addition, the court must determine whether Ms. Williams's attorney is entitled to fees for preparing the reply to the Secretary's memorandum in opposition to the initial application for attorney's fees.

## II. DISCUSSION

### A. *The Appropriate Rate For The Law Student's Work*

The law student graduated from law school in May 1986 and has been a practicing attorney since the fall of that year. He drafted the plaintiff's first motion for summary judgment and the supporting memorandum while working as a summer intern at CLSI between his second and third years of law school. The CLSI Attorney's Fees Committee has approved a billing rate of $40 per hour for law students' time. That rate is proper for someone working in the Philadelphia market who has completed two years of law school. *See Citizens Council of Delaware County v. Brinegar,* 741 F.2d 584, 596 (3d Cir.1984) (approving paralegal rates of $50 per hour); *see also Brinker v. Guiffrida,* 798 F.2d 661, 668 (3d Cir.1986) (remanding for determination based upon affidavits a fee request for a law clerk's work at the rate of $45 per hour); *cf. Bolden v. Pennsylvania State Police,* 491 F.Supp. 958, 965 (E.D.Pa. 1980) (Green, J.) (awarding fees under 42 U.S.C. § 1988 for work performed by a law student intern in 1978–79 at the rate of $35 per hour, and rejecting the view that his services were office overhead and therefore not compensable).

Although the cases cited above as well as a case in its own circuit[2] cast doubt on the holding in *Ashton v. Pierce,* 580 F.Supp. 440 (D.D.C.1984), the Secretary relies on that case to support his argument that the appropriate billing rate for the law student is $10 per hour. The court in *Ashton* held that the government should reimburse the work of law students and paralegals only at their actual salary cost to the firm or organization, not at their normal hourly billing rate. To support this holding, the court relied on the highlighted portion of the following excerpt from the legislative history of the EAJA:

[F]ees are to be based on the prevailing market rate for the kind and quality of services rendered. However, no attor-

---

**2.** *Hirschey v. Fed. Energy Reg. Comm'n,* 777 F.2d 1, 6 (D.C.Cir.1985) (approving an award under

the EAJA for paralegal work at the rate of $30 per hour).

ney or agent may be compensated at a rate in excess of $75 per hour unless special factors justify a higher fee. Such factors would include, but are not limited to, an increase in the cost of living or a limited availability of qualified attorneys with expertise in the particular proceedings involved. *The ceiling on attorney fees relates only to the compensation of lawyers or agents (e.g., accountants themselves). It does not include their overhead expenses or other costs connected with their representation of a particular interest in a proceeding.* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 15 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4994 (emphasis added). The court interpreted this language to mean that the EAJA was not intended to compensate attorneys for any costs not covered in their hourly billing rates. It stated, "To award 'fees' for law clerk and paralegal time at hourly charges billed to clients would, in effect, be to compensate those firms both for overhead and profit." *Ashton, supra,* 580 F.Supp. at 443.

The highlighted language is ambiguous. Although it might support the court's conclusion in *Ashton,* that conclusion is inconsistent with the broader purpose of the EAJA. Congress enacted the EAJA to "ensure that [persons] will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 99–120(I), 99th Cong., 1st Sess. 4 (1985), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 132–33. *Accord Goldhaber v. Foley,* 698 F.2d 193, 195 (3d Cir. 1983). In keeping with this purpose, Congress indicated that "the computation of

attorney fees should be based on prevailing market rates without reference to the fee arrangements between the attorney and client." H.R.Rep. No. 1418, *supra; cf. Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (non-profit legal aid society is entitled to market rates under 42 U.S.C. § 1988 even though it had no conventional hourly billing rate and would have received no fee from its clients); *Student Public Interest Research Group, Inc. v. AT & T Bell Laboratories,* 842 F.2d 1436 (3d Cir.1988) (for-profit public interest law firms are entitled to attorney's fees based on the rates of comparable lawyers in the private business sphere). If courts do not award compensation for the work of law students and paralegals, lawyers may be discouraged from accepting cases such as this one, or as the court noted in *Ashton,* they may handle entire cases themselves, thereby increasing the cost to the government. 580 F.Supp. at 443. Either result is inconsistent with the purpose of the EAJA.[3] *See Goldhaber, supra,* 698 F.2d at 197. This court, therefore, will calculate the award for the law student's work at his regular billing rate of $40 per hour.

### B. *The Number of Hours*

█ The Secretary argues that the 41.5 hours the law student spent working on the motion for summary judgment and the supporting memorandum were excessive. He suggests that the court should only award fees for 20 hours of work. The court, however, finds that the law student's hours were reasonable.

The memorandum he wrote was 33 pages long and made several arguments, each of

---

**3.** At least two commentators suggest that a better reading of the legislative history is that Congress intended some expenses not covered in an attorney's billing rate to be compensable. Although Congress cannot have intended to permit attorneys to recover separately for office rent, utilities, and secretarial salaries, which are generally incorporated in attorneys' hourly billing rates, "it would be illogical for Congress to have made the point that the $75 per hour ceiling applies only to attorneys' compensation unless it intended for some other expenses to be recoverable regardless of the ceiling. A sensible

reading of the report that does not overly strain the text would be to assume ... that Congress meant to permit separate recovery of such expenses ordinarily billable to clients. Recovery of such expenses has been permitted in some cases under other fee-shifting statutes." Robertson & Fowler, *Recovering Attorney's Fees From The Government Under the Equal Access to Justice Act,* 56 Tul.L.Rev. 903, 941–42 (1982). *See also* H.R.Rep. No. 99–120(I), 99th Cong. 1st Sess. 4, 17 (1985), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 145.

which required substantial research. It is clear that the law student carefully reviewed the administrative record, which contains more than 500 pages, before he wrote the memorandum. While it is possible that a more experienced attorney could have produced the memorandum in less time, the law student's relative inefficiency is reflected in his hourly rate. Moreover, the CLSI attorney who litigated the merits of this case spent 16 hours on the second motion for summary judgment. His normal billing rate is $155 per hour. The memorandum he wrote is 22 pages long and draws in part on the first memorandum, which the law student wrote. Thus, it was not excessive for the law student to spend 41.5 hours on the first memorandum, and the court will calculate the award on that basis.

## C. Interest

Although there is no request for interest in the plaintiff's motions or memoranda of law, the proposed orders[4] accompanying the motions contain the sentence, "Interest shall accrue from the date of this Order if all fees are not paid within 30 days of this Order." The Secretary objects to this requirement. The EAJA is a limited waiver of sovereign immunity, *Berman v. Schweiker*, 713 F.2d 1290, 1300–01 (7th Cir. 1983), and therefore must be construed strictly. *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 2963 (1986); *Lehman v. Nakshian*, 453 U.S. 156, 160–61, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). The EAJA provides for interest on an award only when the United States appeals an award and the award is affirmed at least in part. 28 U.S.C. § 2412(f). There is no statutory provision for interest if the government does not pay the award within thirty days. On the other hand, the government does retain use of the money. Since the court does not need for resolve the issue now, it will cross the interest bridge when it comes to it.[5]

## D. The Plaintiff's Reply Memorandum

■ The plaintiff also seeks fees for her attorney's work on the reply to the defendant's memorandum in opposition to the initial motion for attorney's fees. A party may recover fees incurred in litigating a fee application only when the government's opposition to an award is not substantially justified. *Taylor v. Heckler*, 835 F.2d 1037, 1039 (3d Cir.1987); *Russell v. Heckler*, 814 F.2d 148, 155 (3d Cir.1987); *Lee v. Johnson*, 799 F.2d 31, 39 (3d Cir.1986). The plaintiff's reply memorandum addresses only the propriety of the law student's hourly billing rate and the number of hours he worked on the first motion for summary judgment. Thus, the court must determine whether the Secretary's opposition to the fees requested for the law student's time was substantially justified.

■ The Secretary bears the burden of proving that his position was substantially justified, which means more than merely reasonable. *Taylor, supra*, 835 F.2d at 1041; *Russell, supra*, 814 F.2d at 153. To carry his burden, the Secretary must demonstrate (1) a solid and well-founded basis in truth for the facts alleged; (2) a solid and well-founded basis in law for the theory he propounds, and (3) a solid and well-founded connection between the facts alleged and the legal theory advanced. *Taylor, supra*, 835 F.2d at 1042. *Accord Coup v. Heckler*, 834 F.2d 313, 319 (3d Cir.1987); *Russell, supra*, 814 F.2d at 152–53; *Stokes v. Bowen*, 811 F.2d 814, 816 (3d Cir.1987); *Lee, supra*, 799 F.2d at 38; *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir.1985). There are no facts in dispute, so the Secretary's objections are based solely on legal arguments. Consequently, the Secretary must demonstrate that his argument presented an unsettled or close question of law. *Coup, supra*, 834 F.2d at 319; *Lee, supra*, 799 F.2d at 38.

The Secretary's argument with respect to the law student's hourly billing rate did present, until now, an unsettled question of

---

**4.** Local R.Civ.P. 20(a) requires that every motion be accompanied by a form of order which would grant the relief sought.

**5.** If the fee is not paid within a reasonable time, however, the plaintiff is not without remedies to enforce the court's order.

law. As the court has already noted, the Secretary urged the court to adopt the holding in *Ashton v. Pierce*, 580 F.Supp. 440 (D.D.C.1984). Although several cases cast doubt upon that holding, the court has not found any case that is in direct conflict with it. Thus, there was a reasonable basis in law for the Secretary's theory. The mere fact that the court rejected the Secretary's argument does not mean that it did not present an unsettled or close question of law. *Lee, supra,* 799 F.2d at 40.

 The Secretary's position with respect to the number of the law student's hours, however, was not substantially justified. The Secretary did not dispute that the law student spent 41.5 hours on the first motion for summary judgment. Nor did the Secretary introduce any evidence to support his argument that the law student's time was excessive. An unsupported allegation is not enough to meet the required burden of proof.

Since the court has concluded that one of the Secretary's positions was substantially justified, the court must limit the award to those fees the plaintiff's attorney incurred in addressing the other issue. *Washington Urban League v. Fed. Energy Reg. Comm'n,* 743 F.2d 166 (3d Cir.1984); *Dougherty v. Lehman,* 711 F.2d 555, 560 (3d Cir.1983); *Goldhaber, supra,* 698 F.2d at 197–98. The plaintiff's attorney spent three hours preparing the reply memorandum. Most of that memorandum addresses the issue of the law student's hourly rate. Based upon the representations at the hearing, the court finds that the plaintiff's attorney spent fifteen minutes on the issue of the number of the law student's hours. Thus, the court will award an additional $23.25 (0.25 hours multiplied by $93/hour) for the reply memorandum.

### III. CONCLUSION

For the foregoing reasons, the court will direct the Secretary to pay the plaintiff's counsel $3427 in attorney's fees pursuant to 28 U.S.C. § 2412(d)(4). In addition to the uncontested fees incurred in writing the second motion for summary judgment and the application for attorney's fees, this amount includes the fee for the law student's 41.5 hours of work at the rate of $40 per hour and $23.25 for the plaintiff's reply memorandum.

An appropriate order follows.