**Sarah L. McDONALD, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. S 81–153.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 12, 1982.

See also, D.C., 537 F.Supp. 47.

Gregory S. French, South Bend, Ind., for plaintiff.

R. Lawrence Steele, Jr., Hammond, Ind., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ALLEN SHARP, District Judge.

Plaintiff filed this action to obtain judicial review of a final decision of the Secretary of Health and Human Services pursuant to 42 U.S.C. § 405(g) as to when plaintiff first became entitled to old age insurance benefits under the Social Security Act, 42 U.S.C. §§ 402(a) and 414(a). On October 5, 1981, this Court granted plaintiff's motion for summary judgment and estopped the Social Security Administration from relying on the absence of a prescribed application form to deny plaintiff's claim for benefits beginning in November 1978. 537 F.Supp. 47. Judgment was entered accordingly on the same date.

On December 2, 1981, defendant filed its Notice of Appeal with this Court. In January and February 1982, defendant received extensions of time in which to file its appellant's brief, the last extension expiring on March 19, 1982. On March 24, 1982, defendant/appellant filed a motion to dismiss its appeal, which the Court of Appeals granted and dismissed the appeal with prejudice on March 30, 1982. In an award certificate dated April 22, 1982, defendant notified plaintiff that its previous determination to award plaintiff benefits beginning August 1979 was superseded by a determination to award her benefits beginning November 1978 in accordance with this Court's order of October 5, 1981.

On April 20, 1982, plaintiff filed an application for an order awarding attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The government opposes the application on several grounds. First, the government contends that the application was not timely made. Second, the government maintains that no award of attorney fees and costs in this case may be based on the EAJA as the fee provision of the Social Security Act, 42 U.S.C. § 406(b)(1) is the sole authorization for fees in social security cases. The government's last argument against an award of attorney fees under the EAJA in this case is that its position was substantially justified and that special circumstances make an award unjust in this case.

## I.

The EAJA became effective on October 1, 1981 and applies to any civil action "which is pending on, or commenced on or after, such date." Pub.L. No. 96–481, § 208, 94 Stat. 2330 (1980). Defendant's contention that neither the time necessary for the preparation of the plaintiff's case nor the time expended by plaintiff's attorneys prior to October 1, 1981 can be compensated under the EAJA are without merit. The language of EAJA and its intent indicate that the plaintiff is entitled to attorney fees for time expended on this case as it was pending on the effective date of the EAJA. See, *Photo Data v. Sawyer,* 533 F.Supp. 348 (D.D.C.1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982).

Defendant's contention that plaintiff was required to file her application for attorney fees and costs within 30 days of this Court's order granting plaintiff's motion for summary judgment is also without merit, as it conflicts with both the purpose of the EAJA as well as its legislative history. As noted by the Supreme Court of the United States, "many final orders may issue in the course of a litigation," *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974), and "sometimes it may be unclear even to counsel which orders are and which are not 'final judgment,'" *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325 (1982). Observing that "the concept of finality is not easily defined," *Sherman v. Jacobson,* 247 F.Supp. 261, 268 (S.D.N.Y.1965), held that a judgment could be "final" in one legal context but "not final" in another legal context. Such reasoning is consistent with Mr. Justice Brandeis' famous phrase, "final" also is "a word of many meanings." *Southwestern Bell Telephone Co. v. Public Service Comm'n,* 262 U.S. 276, 43 S.Ct. 544, 554, 67 L.Ed. 981 (1923). *Sherman* holds that the meaning of final can only be determined by examining the purposes, policies, and considerations that make up the context in which the word "final" is used. 247 F.Supp. at 268. Conse-

quently, "[i]n determining the meaning of the term 'final judgment' as used in the act, we must look to the act itself and ascertain the intent of Congress with reference thereto." *Twin Ports Oil Co. v. Pure Oil Co.,* 26 F.Supp. 366, 368 (D.Minn.1939), aff'd, 119 F.2d 747 (8th Cir.1941), *cert. den.,* 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941).

The purpose of EAJA is to remedy the problem that "[f]or many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process. When the cost of contesting a government order, for example, exceeds the amount at stake, a party has no realistic choice and no effective remedy." H.R.Rep. No. 96–1418, *supra,* U.S.Code Cong. & Admin.News 1980, p. 4953 at 4988. EAJA remedies this as follows:

> By allowing a decision to contest Government action to be based on the merits of the case rather than the cost of litigating, [EAJA] helps assure that administrative decision reflect informed deliberation. In so doing, fee-shifting becomes an instrument for curbing excessive regulation and the unreasonable exercise of Government authority.

H.R.Rep. No. 96–1418, *supra,* at 4991.

In determining the intent of Congress with reference to the term "final," the courts have placed great weight upon whether Congress uses the words "final judgment" as opposed to merely "the judgment entered," *Twin Ports Oil Co.,* 26 F.Supp. at 369, or whether "the statute explicitly requires a 'final judgment or decree' and does not refer, for example, to a final decision—a point of contrast made recently in the Supreme Court with respect to appealable orders. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Leonia Amusement Corp. v. Loew's, Inc.,* 117 F.Supp. 747, 761 (S.D.N.Y.1953). Given that Congress explicitly requires a "final judgment" rather than referring merely to the judgment entered or a final decision, the definition of "final" that fits within the context of the purposes, policies, and considerations of

EAJA is the definition of "final" as used in § 5(a) of the Clayton Act, 15 U.S.C. § 16(a). In this context, Congress intended the word "final" to mean that "the time to appeal must have run or the judgment [must have been] affirmed by the court of last resort". *Illinois v. Sperry Rand Corp.*, 237 F.Supp. 520, 523 (N.D.Ill.1965). Consequently, "[a] judgment appealed from is not a final judgment," *Twin Ports Oil Co.*, 26 F.Supp. at 369, and the entry of a judgment becomes a final judgment only" upon expiration of the time to appeal." *Skouras Theatres Corp. v. Radio-Keith-Orpheum Corp.*, 193 F.Supp. 401, 404 (S.D.N.Y.1961). The requirement in EAJA that an application for an award of fees be filed within thirty days of final judgment means that an application must be filed within thirty days of the expiration of the time to appeal or within thirty days of the terminating action in the court of last resort. This still permits an application for fees upon entry of final orders at earlier stages of the litigation. The court may award fees at such stages or defer its ruling until the final judgment on the merits. Referring to the 30 day requirement, the House Report states, "[t]his language, however, should not be construed to require a final judgment on the merits before a court may award fees." H.R.Rep. No. 96–1418, *supra*, at 4997. Hence, "[i]n cases that are litigated to conclusion, a party may be deemed 'prevailing' for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal." H.R.Rep. No. 96–1418, *supra*, at 4990.

The legislative history in no way indicates that a fee application must be filed after every final order. Such a requirement would waste not only the time of attorneys for both the prevailing party and the government but also the increasingly valuable time of the court. Likewise, there is no evidence of an intent to preclude a prevailing party from filing one application for all fees arising during the entire litigation, from preparation of the complaint through final judgment on the merits, provided it is filed within thirty days of the expiration of the time to appeal or the termination of the litigation by the court of

last resort. Such a definition of "final" satisfies Congress' concern that there be a time after which an application cannot be filed. At the same time it insures that in determining whether the government's position is substantially justified, the court can review the government's position from the onset of the litigation through the conclusion of the last appeal rather than bifurcating the court's review between the district court action and the appellate court action. Given EAJA's purpose of encouraging private individuals to challenge unreasonable government action without financial detriment, a definition of "final" that permits review of government conduct from the very beginning through the very end of litigation not only makes practical sense but satisfies Congress' ultimate purpose in enacting the Act. Accordingly, this Court finds that plaintiff's application for attorney fees and costs was timely and appropriately filed.

## II.

■ The issues raised by the government regarding the application of the EAJA in this case were raised in *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982). This Court believes that Judge Edward Weinfeld's opinion covers and correctly decides all the objections which government counsel makes in this case to the award of attorney fees against the government. This Court therefore adopts the decision of Judge Weinfeld which, in pertinent part is reproduced below:

There is no dispute that plaintiff is a prevailing party within the meaning of the EAJA. However, the government contends that the EAJA does not apply because the attorneys' fee provision of the Social Security Act[3] provides the exclusive remedy in social security cases. This contention is without merit. Nothing in the EAJA expressly excludes its application to social security cases, and the legislative history makes explicit Congress' intent that, while EAJA does not apply to administrative proceedings under the Social Security Act, it does cover

civil actions to review social security decisions of the Agency. For example, the House Report accompanying the EAJA states that changes were made

> [t]o exclude administrative proceedings under the Social Security Act. There was much discussion whether the United States should be liable when it is a named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered.[4]

This view was confirmed during the floor debate in the House.[5]

Unlike the EAJA, section 206 of the Social Security Act does not authorize the award of attorneys' fees against the federal government. It only provides that, where a claimant is awarded past due benefits, the claimant's attorney may collect a reasonable fee not in excess of 25% from his client award:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[6]

Unlike the EAJA and similar statutory attorneys' fee provisions, the attorney's fee comes out of funds that would otherwise have gone to this client. The purpose of this provision was only to limit contingency fees, which had become inordinately large, to 25% of the award, and also to ensure that lawyers were paid their fees by providing for certification of the fees by the Secretary; awards had sometimes been made to claimants without their attorneys' knowledge and claimants had on occasion failed to notify their attorneys and pay their fees.[7] The last sentence of the section, prohibiting the payment of other fees, was not addressed to attorneys' fees awarded against the United States, but rather was necessary to enforce the 25% limitation on the fees which lawyers could charge their clients. Without this last sentence, lawyers would have been able to make an end run around the 25% limitation by charging their clients directly for certain services in addition to the 25% contingency fee permitted under the statute out of the accrued benefits. Since EAJA provides for fees against the United States, it does not conflict with the purpose of section 206 of the Social Security Act to regulate fee arrangements between claimants and their attorneys. The exclusive language of section 206 applies to fees allowed by the Court against the judgment in favor of the client, not to fees to be assessed against the United States pursuant to the EAJA.

The government relies on conditional language in the EAJA that makes the Act subject to other statutes. Section 2412(d)(1)(A) provides: "except as otherwise specifically provided by statute . . . ."; and section 206 of the Act states:

> Nothing in section 2412(d) . . . alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any part other than the United States that prevails in any civil action brought by or against the United States.[8]

The legislative history makes clear that this conditional language of the EAJA is meant only to prevent it from applying where other federal statutes already authorize fee awards *against the federal government:*

> Moreover, this section is not intended to replace or supersede any existing fee-shifting statutes such as the Freedom of Information Act, the Civil

Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards *against the government* are not already authorized.[9]

Since section 206 of the Social Security Act does not authorize fee awards against the government, the conditional language of the EAJA does not foreclose its application to social security cases.

The government's argument would leave plaintiff's attorneys without any fees; it would create, with respect to attorneys representing indigent plaintiffs who were denied their just claims by governmental agencies, a no-man's land contrary to clearly expressed congressional purposes manifested in recent statutes intended to encourage legal representation of such persons and in the public interest.[10] The government insists that their exclusive remedy is under the Social Security Act, yet fees under that Act are conditional on the award of past-due benefits to the plaintiff, and in the case at bar there will be no such award unless plaintiff prevails on the remand to the Agency. The Agency's error force plaintiff and her attorneys into this Court, and their persistence resulted in correction of the error. Denial of fees to her attorneys for their services is inconsistent with the purposes of the Social Security Act and the EAJA. Accordingly, the Court finds that plaintiff's attorneys are entitled to the award of fees pursuant to the EAJA.[11]

---

"3 42 U.S.C. § 406(b)(1).

4 H.R.Rep. No. 1418, 96 Cong., 2d Sess. 12, *reprinted in* [1980] U.S.Code Cong. & Ad.News [4953], 4991.

5 *See* 17 Cong.Rec. H10,220 (Oct. 1, 1980).

6 42 U.S.C. § 406(b)(1).

7 *See* S.Rep. No. 404, 89th Cong., 1st Sess. 422, *reprinted in* [1965] U.S.Code Cong. & Ad. News [1943], 2062; Hearings on H.R. 6675 Before the Sen.Comm. on Finance, 89th Cong.,

1st Sess. 512–13 (quoted in *Dawson v. Finch,* 425 F.2d 1192, 1194 (5th Cir.1970)).

8 EAJA, Pub.L. No. 96–481, Title II, § 206, 94 Stat. 2330 (1980).

9 H.R.Rep. No. 1418, 96th Cong.2d Sess. 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4997 (emphasis supplied).

10 *E.g.,* 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); [42] U.S.C. § 1988 (Civil Rights Act); 28 U.S.C. § 2412(d) (EAJA); 42 U.S.C. § 1973*l*(e) (Voting Rights Act).

11 *Accord, Edwards v. Schweiker,* No. C–80–3959 (N.D.Cal. Apr. 21, 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D. Ill.1982). *But see Ritchie v. Schweiker,* No. C 80–4053 (N.D.Iowa Dec. 18, 1981); *Nichols v. Schweiker,* No. C 81–818R (W.D.Wash. Apr. 8, 1982)."

See *Shumate v. Harris,* 544 F.Supp. 779 (W.D.N.C.1982).

## III.

The government's last argument in opposition to plaintiff's Motion for an Award of Attorney Fees and Costs is that its position was substantially justified and that special circumstances make an award in this case unjust.

The EAJA requires a court to award a prevailing party attorney fees, costs, and other expenses against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the Act, "fees will be awarded unless the Government can show that its action was substantially justified or that special circumstances make an award unjust." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10, *reprinted in* [1980] U.S.Code Cong. and Ad.News 4984, 4989. After carefully reviewing the legislative history concerning the "substantially justified" standard, *Berman v. Schweiker,* 531 F.Supp. 1149, 1154 (N.D.Ill.1982) held, "it was intended to serve as a 'middle ground' between an automatic award of fees to a successful party and permitting fees only where the government's position was arbitrary or frivolous. H.Rep. No. 96–1418, *supra,* at 4993." "The Government . . . has the burden of demonstrating substantial justification for its position." *Alspach v. Director of Internal*

*Revenue,* 527 F.Supp. 225, 229 (D.Md.1981), citing H.Conf.Rep. 96–1434, 96th Cong., 2d Sess. 22, reprinted in [1980] U.S.Code Cong. and Ad.News 5003, 5011. This burden is placed upon the government, because "it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable." H.R.Rep. No. 96–1418, *supra,* at 4989.

The burden of substantial justification is "to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous." H.R.Rep. No. 96–1418, *supra,* at 4993. In determining whether the government's position is substantially justified, *Alspach* requires that the court examine "the Government's actions or position in prosecuting or defending litigation." 527 F.Supp. at 228. *Photo Data, Inc. v. Sawyer,* supra, at 352, requires that "the court must scrutinize not only the government's theory in defending the legal issues raised but also the occurrences that impelled plaintiff to bring this action." H.R.Rep. No. 96–1418, *supra,* at 4990.

In the case presently before the Court, the defendant has failed to demonstrate substantial justification for its position. Plaintiff was successful on a motion for summary judgment and the government's position was found to be erroneous as a matter of law. For the reasons more fully stated in the original opinion, this Court finds the factual and legal basis for defendant's position was not substantially justified. Further, this Court finds that the special circumstances exception to an award of attorney fees is not applicable in this case. The special circumstances exception to attorney fees under the EAJA is "to ensure that the government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." H.R.Rep. No. 96–1418, *supra,* at 4990. In the case presently before the Court, the defendant did not provide this Court with any legal fact or principle of law to justify its position. Further, the

government appealed the order of this Court granting summary judgment to the Court of Appeals for the Seventh Circuit. The appellant/defendant did not file a brief in the appeal despite being granted two extensions of time in which to file a brief and then voluntarily dismissed its appeal with prejudice. Thus, this Court finds that the government's position was not substantially justified and that there are no special circumstances which would preclude an award of attorney fees under the EAJA in this case. The only issue remaining, therefore, is the appropriate amount of attorney fees and costs to be awarded.

## IV.

This Court finds that the plaintiff meets all of the requirements under the EAJA and in accordance with the guideline, noted in *Entertainment Concepts, Inc., III v. Maciejewski,* 631 F.2d 497 (7th Cir.1980), and *Waters v. Wisconsin Steel Works of International Harvester Co.,* 502 F.2d 1309 (7th Cir.1974), costs and fees are awarded against defendant as follows:

| | |
|---|---|
| Attorney fees (50 hours at $60.00 per hour) | $3000.00 |
| Costs | 71.00 |
| Total | $3071.00 |

SO ORDERED.