**J.H. McQUISTON, Plaintiff-Appellant,**

v.

**John O. MARSH, Jr., Secretary of the Army, United States Army Missile Command, Defendants-Appellees.**

No. 82–5692.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1983.

Decided June 9, 1983.

Lynn B. Larson, Wickwire, Gavin & Gibbs, Los Angeles, Cal., for plaintiff-appellant.

Fumiko Hachiya Wasserman, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before WRIGHT and SCHROEDER, Circuit Judges, and EAST,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

In this appeal, we consider whether the district court properly denied McQuiston's motion for attorneys' fees. The court summarily concluded that McQuiston was not a prevailing party, the Army was substantially justified in its position, and the motion was untimely. We find, however, that the motion was timely under 28 U.S.C. § 2412(b), and we remand to the district court to determine whether McQuiston was the prevailing party and whether the government acted in bad faith.

McQuiston, a manufacturer of defense equipment, filed suit to enjoin the United States Army from awarding a contract that allegedly violated federal procurement laws. The district court removed the case from its calendar until the General Accounting Office ruled on McQuiston's bid protest.

Meanwhile, the Army conducted an internal audit and determined that the part was no longer required. The Army cancelled the contract solicitation and moved to dismiss McQuiston's complaint as moot. The court granted the government's motion on January 14, 1982, but retained jurisdiction "for the purpose of allowing plaintiff to seek relief, in the future . . . as a result of any such new procurement." McQuiston moved for attorneys' fees and costs on April 12, 1982.

* Of the District of Oregon.

**I. Equal Access to Justice Act (EAJA)**

Subsections (b) and (d) of the EAJA, 28 U.S.C. §§ 2412(b), (d) (Supp. V, 1981), provide two broad statutory exceptions to the general rule barring an award of attorneys' fees against the federal government. Subsection (b) permits a court in its discretion to award fees against the government to the same extent it may award them in cases involving other parties. Such an award may be based on common-law or statutory grounds. 28 U.S.C. § 2412(b).

Under subsection (d), a party may recover fees if it is a prevailing party, the government position was not substantially justified, and the party meets certain financial eligibility requirements. 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B).

**A. Timeliness**

Subsection (b) contains no explicit time limit for filing an application for fees. In the absence of a specific time restriction, a request is timely if filed within a reasonable period after entry of judgment and if it does not unfairly surprise or prejudice the affected party. *See White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 454, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325 (1982); *Metcalf v. Borba,* 681 F.2d 1183, 1187 (9th Cir.1982).

We attempt to strike a balance between the harsh consequences that might result from imposing too short a time after judgment and the need to avoid unfair surprise to litigants and piecemeal appellate review. *Metcalf,* 681 F.2d at 1188. In the circumstances, we conclude that McQuiston acted reasonably in filing his request within three months of entry of the order dismissing his complaint. The delay did not prejudice the government nor create piecemeal appellate review. To the extent that McQuiston's motion is based on subsection (b), we hold that it is timely.[1]

---

1. We find no merit in the government's argument that the legislative history of the EAJA reveals that the 30-day bar contained in subsection (d) should apply to the entire act. The clear language of the statute applies the 30-day limit solely to subsection (d). 28 U.S.C. § 2412(d)(1)(B); *See United States v. Mehrmanesh,* 689 F.2d 822, 828 (9th Cir.1982) (legislative history should not be used as a guide to the meaning of a statute that is plain and unambiguous on its face).

Subsection (d), however, states that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). The district court dismissed McQuiston's complaint in January. McQuiston moved for fees in April, almost three months later.

■ We reject McQuiston's contention that the 30-day requirement of subsection (d) means that an application must be filed within 30 days of the expiration of the time to appeal or within 30 days of the terminating action in the court of last resort. *See, e.g., McDonald v. Schweiker,* 551 F.Supp. 327, 329 (N.D.Ind.1982).

Rather, "final judgment" should be defined by its common usage in contexts such as 28 U.S.C. § 1291, Fed.R.App.P. 4(a), and Fed.R.Civ.P. 54. Therefore, a request for attorneys' fees under subsection (d) is untimely if filed more than 30 days after the district court has entered judgment. McQuiston's request for fees is untimely under subsection (d).

### B. *Basis for an Award of Fees*

Under subsection (b), a prevailing party may recover fees from the government under any recognized theory that authorizes an award of fees. The record is unclear whether McQuiston is a prevailing party and whether he is entitled to attorneys' fees under a recognized theory.

■ "Prevailing party" as used in the EAJA is to be interpreted consistently with the law that has developed defining that term. *NLRB v. Doral Building Services, Inc.,* 680 F.2d 647 (9th Cir.1982); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in,* 1980 U.S.Code Cong. & Ad.News 4984, 4990. A party who prevails on an important matter in the course of litigation, even though not ultimately prevailing on all issues, may be eligible to recover fees. *Fitzharris v. Wolff,* 702 F.2d 836, 838–39 (9th Cir.1983); *American Constitutional Party v. Munro,* 650 F.2d 184, 188 (9th Cir.1981). The party need not obtain formal relief, but

must establish a "clear, *causal relationship* between the litigation brought and the practical outcome realized." *Id.* (emphasis in original). At a minimum, the lawsuit must have been a catalyst that prompted the opposing party to take action. *Id.* at 187; *Parham v. Southwestern Bell Tel. Co.,* 433 F.2d 421, 429–30 (1st Cir.1970).

Whether a party has shown a causal nexus between the lawsuit and the action taken is a factual determination for the district court. *Church of Scientology v. United States Postal Service,* 700 F.2d 486, 489, *amended on other grounds* (9th Cir.1983). Here, however, the court failed to make findings of fact regarding McQuiston's fee application. We have no basis on which to determine whether the district court correctly concluded that McQuiston was not a prevailing party.

■ We also lack a factual basis for reviewing the recognized theories under which McQuiston may be entitled to a fee award. He proposed different theories: (1) common benefit, common fund; (2) 42 U.S.C. § 1988; (3) the Defense Production Act (DPA), 50 U.S.C.App. § 2157; and (4) bad faith. Despite the lack of a factual record, it is clear that the first three theories are inapplicable as a matter of law.

■ First, the common benefit theory fails because McQuiston is seeking an award from the opposing party, not from a common fund. *See Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1122 (9th Cir.1981). Additionally, the alleged benefit has not been conferred on an identifiable class, but upon the citizenry as a whole. *See id.* at 1123.

Second, the section 1988 theory lacks merit because McQuiston is not entitled to relief under section 1985(3). Section 1985(3) applies only to injuries inflicted because of the victim's status as a member of an identifiable class. *Lopez v. Arrowhead Ranches,* 523 F.2d 924, 926–27 (9th Cir. 1975). McQuiston has not alleged that he is a member of an identifiable class contemplated by section 1985(3). *See Griffin v. Breckenridge,* 403 U.S. 88, 101–102, 91 S.Ct.

1790, 1798, 29 L.Ed.2d 338 (1971). McQuiston's vague and conclusory allegations of a conspiracy to deprive him of civil rights are insufficient. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

■ Finally, McQuiston's claim based on the DPA is unclear and unfounded. He seems to contend that he is entitled to fees because the DPA grants immunity and he has an implied DPA contract. Even if true, these facts do not give rise to a fee award.

■ The only tenable theory under which McQuiston may be entitled to fees is bad faith. A court may award attorneys' fees if one party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Foster v. Tourtellotte,* 704 F.2d 1109 at 1111 (9th Cir.1983) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Bad faith may be found either in the action that led to the lawsuit or in the conduct of the litigation. *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973); *Dogherra v. Safeway Stores, Inc.,* 679 F.2d 1293, 1298 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982).

The parties raise a factual dispute as to the bad faith, if any, of the government both before and during the course of this litigation. This is a matter for the district court. *See Church of Scientology,* 700 F.2d at 490.

II. *Conclusion*

Because of the unresolved issues in this record, we reverse and remand to the district court to make findings concerning whether McQuiston was the prevailing party and whether the government's conduct amounted to bad faith.

REVERSED AND REMANDED.