Orville TAYLOR, Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 84–1217.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Nov. 2, 1984.

Decided Nov. 30, 1984.

Rehearing Denied Feb. 6, 1985.

Stanley M. Shingles, Philadelphia, Pa., Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Margaret L. Hutchinson, Asst. U.S. Atty., Charles R. Gross, Captain, U.S. Marine Corps, Philadelphia, Pa., for appellee.

Before SEITZ and ADAMS, Circuit Judges, and LACEY, District Judge.*

PER CURIAM.

■ Appellant Orville Taylor appeals from an order of the district court denying his request for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982) (EAJA).[1] The district court held that Taylor's petition was untimely under § 2412(d)(1)(B) of the EAJA, because it was filed more than thirty days after the district court's final judgment. Because we hold, with the benefit of recent expressions of congressional intent, that "final judgment" as used in the EAJA means "final and not appealable," we will vacate the judgment and remand the matter to the district court for consideration of the merits of the fee petition.

## I

Taylor filed suit in district court seeking his release from military custody and an order restraining the government from surrendering him to Spanish authorities for service of a sentence in Spain. Following an involuntary extension of his enlistment, Taylor was listed as a Navy deserter. He was subsequently arrested and confined to a Navy brig in Philadelphia to await transfer to Spain.[2]

On June 9, 1982, Taylor sought an injunction to prevent his transfer. The district court, on July 15, 1982, issued the injunction and ordered Taylor released. It held that the Navy had exceeded its authority in extending Taylor's enlistment involuntarily. We affirmed the district court's order on June 21, 1983, 711 F.2d 1199 (3d Cir.1983), and a petition for rehearing and a suggestion for rehearing en banc was denied on July 21, 1983.

This Court's mandate affirming the district court judgment was lodged with the district court on August 2, 1983. On August 25, 1983, Taylor filed his application for fees and expenses under the EAJA in the district court. On September 2, 1983, the United States informed both Taylor and the district court that no further appeal would be pursued. App. at 20.

The district court denied Taylor's request for fees and expenses, finding Taylor's application under the EAJA untimely because it was not filed within thirty days of the entry of the district court judgment. *Taylor v. United States*, 580 F.Supp. 687 (E.D. Pa.1984).[3] Taylor appealed.

## II

Resolution of this appeal turns on the definition of "final judgment" for purposes

---

* Honorable Frederick B. Lacey, United States District Judge for the District of New Jersey, sitting by designation.

1. The EAJA expired October 1, 1984, but continues to apply "through final disposition of any action commenced before the date of repeal." Pub.L. 96–481, Section 204(c). Congress passed a new EAJA, but the President vetoed it. *See infra.*

2. See *Taylor v. United States*, 711 F.2d 1199 (3d Cir.1983), for the facts underlying Taylor's case on the merits.

3. Once the request was held untimely, the district court determined that it lacked jurisdiction to make any award. Thus, the district court did not reach the government's alternative contention, that fees should be denied because the government's position on the merits was "substantially justified."

of the EAJA. The pertinent passage of the EAJA, construed by the district court to bar the fee petition, states:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection

. . . .

28 U.S.C. § 2412(d)(1)(B) (1982) (emphasis added).

"Final judgment," noted the district court, was not defined in the EAJA. 580 F.Supp. at 689. No opinion in this Circuit has yet interpreted the term. Reviewing the appellate court decisions that have addressed the issue of what constitutes final judgment, the district judge found a split within the circuits.

The Ninth Circuit has held that "final judgment" "should be defined by its common usage in contexts such as 18 U.S.C. § 1291, Fed.R.App.P. 4(a), and Fed.R.Civ.P. 54." *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983). Thus the Ninth Circuit held "a request for attorney's fees under subsection (d) is untimely if filed more than 30 days after the district court has entered judgment." *Id.* The Seventh Circuit, however, was not persuaded by the *McQuiston* analysis and reached a different conclusion. Emphasizing that the framers of the EAJA "wanted to make it easier, not harder, for people of limited means to collect their small claims from the government," *McDonald v. Schweiker,* 726 F.2d 311, 315 (7th Cir.1983), the Seventh Circuit declared that the better approach was to allow fee applications "after the completion of appellate proceedings." *Id.* The Fifth Circuit and the Court of Claims also have adopted this rule. See *United States v. 329.73*

*Acres,* 704 F.2d 800, 810–11 (5th Cir.1983); *Rawlins v. United States,* 686 F.2d 903, 914, 210 Ct.Cl. 672 (1982). Such an interpretation avoids both unnecessary fragmentation of fee petitions and the waste of judicial resources that would be caused by filing petitions for fees in cases that are ultimately reversed or remanded. Inasmuch as a plaintiff must be a prevailing party before he or she is entitled to EAJA fees, a petition for a fee cannot be resolved until all appeals have run; moreover, EAJA fees are available for appellate as well as trial proceedings. It would seem somewhat anomalous to require an EAJA petition to be filed before the petitioner can know the amount he or she will seek and before the petition may even be addressed.[4]

In the absence of Third Circuit guidance, the district court in this proceeding chose to follow *McQuiston.* "For the purpose of certainty," said the district court, "we hold that the final judgment date should be considered the date when the judgment of the district court is docketed." *Taylor,* 580 F.Supp. at 689. Alternatively, the district court suggested:

. . . even if the Court of Appeals decision was determinative as beginning the thirty day period, this plaintiff's application would be untimely. Filed on August 25, 1983, his application post-dated the Court of Appeals decision affirming the judgment by sixty-five days and its denial of the government's petition for rehearing by thirty-five days.

*Id.* at 690.

Since the district court's decision, however, Congress has clarified the meaning of "final judgment" for purposes of the EAJA, 28 U.S.C. § 2412(d)(1)(B), adopting the Seventh Circuit's *McDonald* approach. The original EAJA, Pub.L. 96–481, 94 Stat. 2327 (1980) expired on October 1, 1984.

---

**4.** The court in *McDonald* noted that the General Accounting Office will not approve payment of an EAJA claim until all appeals have run. The court further observed that the alternative approach adopted by the Ninth Circuit might present counsel with an unfair dilemma, because the government is more likely to appeal a decision if the stakes are increased by an EAJA petition. 726 F.2d at 315.

Two bills, S. 919 and H.R. 5479 were introduced in the respective houses of Congress to re-enact the EAJA. On October 4, 1984, the Senate approved H.R. 5479, which had adopted the language of S. 919 with minor revisions. Following a series of amendments in both houses. Congress approved a final version of H.R. 5479 on October 11, 1984. Although the President declined to sign the bill into law, we nonetheless find its language and legislative history to be instructive on the question of the meaning of "final judgment" under the original EAJA.

The bill passed by Congress sought to clarify 28 U.S.C. § 2412(d)(2) by adding a series of definitional passages. New definition § 2412(d)(2)(G) reads: " 'final judgment' means a judgment that is .final and not appealable." [5] The reasons for this clarification are made clear in the Report of the Senate Judiciary Committee accompanying S. 919, S.Rep. No. 98–586, 98th Congress, 2d Sess. 16 (1984). The Senate Report specifically considers the issue raised by Taylor and resolves the dispute between the Seventh and Ninth Circuits:

> G. *At what point a fee application must be filed to avoid dismissal*
>
> The issue was raised in the hearings as one in need of clarification. The question arises as to whether a "final judgment" occurs when the court enters an appealable order or when a party's right to appeal that order has lapsed. This issue is important since the thirty-day deadline for filing the fee application is jurisdictional and cannot be waived.
>
> The Committee believes that the interpretation of the court in *McDonald v. Schweiker*, 726 F.2d 311 (7th Cir.1983) regarding this issue is the correct one.

There the court found that the plaintiff was entitled to file a fee application within 30 days of the Secretary's dismissal of this appeal. The EAJA did not require that the application be submitted within 30 days of the rendering of the district court decision.

> The EAJA allows a prevailing party to file a fee petition within 30 days of the final disposition of a case on the merits i.e. when a party's right to appeal the order has lapsed.

*Id.* As the first sentence of the preceding passage indicates, Congress sought to *clarify* the language in the original EAJA, not to change it. Thus, this intention should be applied to all pending cases under the original EAJA.[6] The President's pocket veto renders the bill to re-enact the EAJA without legal effect, but we find the language of the bill and its legislative history persuasive as a clear expression of congressional intent.

 Because Congress has now made its intent clear, we hold that "final judgment" arises and the thirty day cut-off for EAJA petitions begins when the government's right to appeal the order has lapsed. Consequently fee petitions under the EAJA must be filed no later than thirty days after the expiration of the time to appeal, or after the termination of the litigation by the court of last resort, or after a losing party asserts that no further appeal will be taken. *See McDonald v. Schweiker*, 551 F.Supp. 327, 330 (N.D.Ind.1982), *aff'd*, 726 F.2d 311 (7th Cir.1983). This flexible time limit satisfies the demands of finality, and avoids the fragmentation of fee petitions that would be occasioned by the alternative interpretation adopted by the district court.[7]

---

**5.** Congress appears to have been responding to *McDonald,* in which the court expressly urged Congress to resolve the split in the circuits by making its intent clear. 726 F.2d at 315. Each version of the bill included the definition of "final judgment" quoted above, which was specifically suggested by the court in *McDonald. Id.*

**6.** See supra note 1.

**7.** As noted above, the district court did not have the benefit of the Senate Report and the recently passed bill when it rendered its decision.

Under Supreme Court Rule 20 and 28 U.S.C. § 2101(c), the government had ninety days from the date of this Court's decree denying rehearing, July 27, 1983, in which to file a petition for a writ of certiorari. The thirty days within which to request fees and expenses under the EAJA would not ordinarily begin to run until the time in which the government could petition for certiorari had expired. The government, however, notified Taylor and the court in writing on September 2, 1983, that no further appeal would be pursued. Thus Taylor had 30 days from September 2, 1983, within which to file his EAJA request. Since his request was filed on August 25, 1983, it was clearly timely.[8]

### III

The district court order denying the fee petition as untimely will be vacated, and the case remanded for further proceedings consistent with this opinion and Congress' express intention. The question whether the government's position was "substantially justified" is most appropriately addressed in the first instance by the district court.

---

**8.** The EAJA establishes only a deadline after which EAJA petitions may not be filed: earlier filing is possible. *See McDonald v. Schweiker,* 726 F.2d at 314.