755 F.2d 177
 244 U.S.App.D.C. 34
 MASSACHUSETTS UNION OF PUBLIC HOUSING TENANTS, INC., et al.,
Appellants,
v.
Samuel R. PIERCE, in His Official Capacity as Secretary of
the Department of Housing and Urban Development, et al.
 No. 84-5152.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 23, 1985.
Decided March 1, 1985.
 
 Appeal from the United States District Court for the District of Columbia (D.C. Civil Action No. 78-1895).
 Steven Ferrey, Boston, Mass., with whom Michael B. Trister, Washington, D.C., was on the brief, for appellants. Lynn E. Cunningham, Washington, D.C., entered an appearance for appellants.
 Al J. Daniel, Atty., Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., Joseph E. diGenova, U.S. Atty., William Kanter, Atty., Dept. of Justice, and Gershon M. Ratner, Associate Gen. Counsel, Dept. of Housing and Urban Development, Washington, D.C., were on the brief, for appellees.
 Before WRIGHT, MIKVA and SCALIA, Circuit Judges.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 This case involves a straightforward statutory interpretation question regarding the meaning of 28 U.S.C. Sec. 2412(d)(1)(B) (1982), the provision in the Equal Access to Justice Act (EAJA) that requires that applications for attorney's fees under Section 2412(d) be filed "within thirty days of final judgment in the action."[1] The question presented is whether this provision requires such applications to be filed within 30 days of an appealable judgment by a District Court or allows them to be filed within 30 days of the time that such a judgment becomes final by virtue of an appeal being completed or foregone. The District Court held that such applications must be filed within 30 days of the District Court's judgment, even if that judgment was not clearly the last action in the case. We reverse the District Court and hold that applications must be filed within 30 days of the time that a judgment becomes final because an appeal is completed or foregone.BACKGROUND
 
 
 2
 This action stems from a long and involved litigation growing out of the promulgation of certain rules of the Department of Housing and Urban Development (HUD). In 1975 HUD proposed a regulation that would have required HUD funds to be used to convert public housing project utility service to individually-metered service where it was determined that such conversion would be economical. See 40 Fed.Reg. 44159 (Sept. 25, 1975). The proposed regulation specified certain assumptions to be used in performing the cost/benefit analysis to determine whether conversion would be economical in a particular instance. One of these assumptions was that conversion would automatically result in a 25-35 percent reduction in heating consumption. See id. at 44159-44160. Appellant Massachusetts Union of Public Housing Tenants and others challenged this particular assumption as unsupported. But HUD promulgated the regulation with the assumption unchanged. See 41 Fed.Reg. 20276 (May 17, 1976).
 
 
 3
 Appellants then petitioned HUD formally and informally for rulemaking to correct the perceived error. These petitions were denied. Having exhausted their administrative remedies, appellants filed suit in the District Court on October 11, 1978, alleging that the 25-35 percent heating assumption had no factual or rational basis. On January 25, 1980 the District Court granted summary judgment in favor of HUD. On appeal from that judgment this court held that the rulemaking record was inadequate for judicial review and remanded the case for further consideration by the agency. See Massachusetts Union of Public Housing Tenants, Inc. v. Landrieu (D.C.Cir. No. 80-1332, April 7, 1981), 656 F.2d 899, reproduced in Appendix to Briefs of Parties on Entitlement to Attorneys Fees (App.) at A-33. The District Court, on remand from this court, in turn remanded the rule to the agency for additional support for the rulemaking. See App. at A-32.
 
 
 4
 In September 1981 appellants filed a motion in the District Court requesting that HUD be enjoined from implementing meter conversions until it set forth an acceptable factual basis for the disputed regulation. On March 3, 1982 the District Court ordered HUD not to expend any funds for meter conversions until it complied with this court's order for a fuller explanation of the rule. See App. at A-31.
 
 
 5
 On October 26, 1982 appellants moved for summary judgment invalidating the rule as arbitrary and capricious. On May 20, 1983 the District Court filed an opinion granting the summary judgment and invalidating the challenged provision of the regulation. See App. at A-18. On June 2, 1983 HUD filed a motion for amendment and/or clarification of the District Court's order. On August 8, 1983 the District Court issued certain clarifications of its previous order. See App. at A-24. HUD did not appeal from the District Court's judgment within the 60 days allowed.[2]
 
 
 6
 On November 2, 1983 appellants filed a motion for attorney's fees under Section 2412. On January 17, 1984 the District Court held that the request for attorney's fees under Section 2412(d) was not timely as it was filed more than 30 days after the court's final judgment, which was issued on August 8. See Massachusetts Union of Public Housing Tenants v. Pierce, 577 F.Supp. 1499 (D.D.C.1984). On appeal the Union and other appellants contend that the 30 days specified in Section 2412(d)(1)(B) should run from the time when the District Court's judgment became unappealable, i.e., when the 60-day period for filing an appeal expired. See Fed.R.App.P. 4(a). Under this standard the 30-day period began to run 60 days after August 8, and the November 2 filing was timely.[3]
 
 DISCUSSION
 EAJA provides that
 
 7
 a court shall award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 8
 28 U.S.C. Sec. 2412(d)(1)(A). In order to obtain such fees,
 
 
 9
 [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection[.]
 
 
 10
 28 U.S.C. Sec. 2412(d)(1)(B). The question presented here is what the language "final judgment in the action" means. The government argues that it means an appealable judgment issued by the District Court. Appellants argue that it means a judgment which is final in the sense that it either has already been appealed to the extent possible or is no longer subject to appeal.
 
 
 11
 There is conflicting precedent in the circuits regarding the meaning of the language. The Ninth Circuit has held that it means an appealable judgment of the District Court. See McQuiston v. Marsh, 707 F.2d 1082 (9th Cir.1983). The Ninth Circuit's analysis of the subject, however, was extremely cursory: It said only that " 'final judgment' should be defined by its common usage in contexts such as 28 U.S.C. Sec. 1291, Fed.R.App.P. 4(a), and Fed.R.Civ.P. 54." Id. at 1085. See also Taylor v. United States, 580 F.Supp. 687 (E.D.Pa.1984).
 
 
 12
 The Seventh Circuit, addressing the same question, has rejected the Ninth Circuit's reasoning and result. In McDonald v. Schweiker, 726 F.2d 311 (1983), that circuit noted with respect to McQuiston that "the term 'final judgment' does not appear in 28 U.S.C. Sec. 1291 or Fed.R.App.P. 4(a)," id. at 315, and that it has no fixed meaning throughout the U.S.Code. See id. at 313. Consequently, the Seventh Circuit looked at the context of the provision to interpret its meaning.
 
 
 13
 Thus the Seventh Circuit noted that since EAJA allows attorney's fees for appellate proceedings as well, it makes much more sense to allow one filing after all proceedings are over and the full amount of fees can be calculated than to require multiple, incremental filings. See id. at 314. The court rejected the contention that a requirement for filing within 30 days of the District Court's judgment would further judicial economy, noting that the 30-day limit is "a deadline, not a starting point": Fee applications can always be filed before the limitation period expires. Id. Further, the court noted that, in small cases where the government would not normally appeal on the merits, forcing prevailing parties to file applications before the time for appeal is up might stimulate the government to appeal on the merits to avoid attorney's fees. Thus parties might be discouraged from filing fee applications--a result that is not consistent with the underlying policies of EAJA. See id. at 315. Finally, the court observed that, because the government has stated clearly that it will not approve any actual payments of attorney's fees until all proceedings, including any appeals, are over, there seems to be no reason for requiring fee applications before that time. See id. Given all of these arguments, the court concluded that "final judgment" for the purposes of the 30-day period means the time at which a judgment becomes "no longer contestable through the appellate process." Id. at 313. We find these arguments to be more convincing than the Ninth Circuit's approach, and we therefore adopt the Seventh Circuit's analysis and holding.[4] See also American Academy of Pediatrics v. Heckler, D.D.C. Civil Action No. 83-0774 (Feb. 3, 1984) (later vacated pursuant to Rule 60(b) motion); Keasler v. United States, 585 F.Supp. 825, 831-837 (E.D.Ark.1984); Walton v. Lehman, 570 F.Supp. 490, 495 (E.D.Pa.1983).
 
 
 14
 The government argues that this result is foreclosed by our decision in Action on Smoking & Health v. CAB, 724 F.2d 211 (D.C.Cir.1984). In that case ASH had moved in this court for emergency relief in the form of enforcement of the court's previous mandate. See Action on Smoking & Health v. CAB, 713 F.2d 795 (D.C.Cir.1983) (per curiam ). We granted that relief. Then, on a motion for attorney's fees under Section 2412(d), we held that the application for fees for representation before this court was not timely because it was filed more than 30 days after our decision. See 724 F.2d at 224-226. The procedural posture of that case was unusual and no party raised the issue in question here. Thus we find that the instant issue was not decided in ASH.[5] In so doing we decline to draw a distinction between final judgments by a District Court and final judgments by a Court of Appeals for purposes of Section 2412(d)(1)(B).
 
 CONCLUSION
 
 15
 We hold that the 30-day period provided for in Section 2412(d)(1)(B) begins to run only when a judgment is "no longer contestable through the appellate process." McDonald v. Schweiker, supra, 726 F.2d at 313. The case is reversed and remanded to the District Court.
 
 
 16
 So ordered.
 
 
 
 [1]
 We note that Sec. 2412(d), by its own terms, expired on September 30, 1984. See 28 U.S.C. Sec. 2412 (note). This action, however, was pending as of that date and thus the now-expired Sec. 2412(d) provisions apply here
 
 
 [2]
 Although these events complete the history of this case prior to the request for fees presented on this appeal, the underlying litigation may not yet be over. Recently appellants here moved in the District Court to hold HUD in contempt of that court's May 20, 1983 order instructing HUD to stop meter conversions authorized by the invalidated rule. On October 30, 1984 the District Court declined to hold HUD in contempt, but noted that appellants had made a prima facie case of noncompliance and ordered HUD to disclose to them the names of public housing projects where illegal conversions may have occurred. See supplemental brief of appellants at Appendix 6
 
 
 [3]
 The District Court also dismissed an application for fees under Sec. 2412(b), but that dismissal was not appealed
 
 
 [4]
 We note as well that a party might not be a prevailing party for purposes of Sec. 2412(d) if a verdict in his or her favor may still be reversed on appeal
 
 
 [5]
 In fact, in a recent case decided after ASH this court implied that this issue remained open in this circuit. See Nichols v. Pierce, 740 F.2d 1249, 1255 n. 31 (D.C.Cir.1984)