616 F.2d 150
 6 Bankr.Ct.Dec. 326, Bankr. L. Rep. P 67,419
 In the Matter of PERIMETER PARK INVESTMENT ASSOCIATES, LTD., Debtor.
ACACIA MUTUAL LIFE INSURANCE COMPANY, Plaintiff-Appellant,
v.
PERIMETER PARK INVESTMENT ASSOCIATES, LTD., Defendant-Appellee.
 No. 79-2885
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 April 28, 1980.
 
 Hurt, Richardson, Garner, Todd & Cadenhead, James E. Massey, Paul T. Carroll, III, David W. Cranshaw, Atlanta, Ga., for plaintiff-appellant.
 Charles Edward Campbell, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY, KRAVITCH and TATE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Acacia Mutual Life Insurance Co., a secured creditor of Chapter XII debtor Perimeter Park Investment Associates, Ltd., sought to require the debtor to pay an appraiser with funds from a specific checking account rather than with rent proceeds claimed as collateral by Acacia. Finding that the funds in the account were not funds of the debtor available for payment of the appraiser, the bankruptcy court approved payment from rent proceeds. The district court affirmed the finding of fact, and Acacia appealed.
 
 
 2
 The district court correctly held that the bankruptcy court's factual finding must be affirmed unless clearly erroneous. Highland Village Bank v. Bardwell, 610 F.2d 228, 230 (5th Cir. 1980); Gardner v. American Century Mortgage Investors, 577 F.2d 928, 929 (5th Cir. 1978); Bankruptcy Rule 810. In applying the clearly erroneous test, however, the district court incorrectly relied on an improper statement of the reviewing court's responsibility under that test:
 
 
 3
 (B)efore the Referee's judgment may be reversed, the Court must find that no testimony exists for the support of his order, or that he has acted arbitrarily and capriciously.
 
 
 4
 City National Bank of Baton Rouge v. Knight, 421 F.Supp. 1387, 1390 (M.D.La.1976), aff'd without opinion, 551 F.2d 861 (5th Cir. 1977).
 
 
 5
 The district court was understandably confused. This Court is not supposed to affirm without opinion under its local rule unless it determines that "no error of law appears." 5th Cir. R. 21. Nevertheless it affirmed Knight under Rule 21 on the district court's articulation of a "no testimony" standard of review. The district court here relied on Knight and its affirmance by this Court.
 
 
 6
 Earlier Supreme Court precedent requires, however, that we disregard any implicit approval of Knight's definition of the clearly erroneous standard of review. In United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), the Supreme Court stated:
 
 
 7
 A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.
 
 
 8
 This elaboration of the clearly erroneous rule has recently been applied by this Court in a bankruptcy case. Fruehauf Corp. v. Revitz (In re Transystems, Inc.), 569 F.2d 1364, 1369 (5th Cir. 1978).
 
 
 9
 The "no testimony" test is incompatible with the Supreme Court's test which would permit a reversal of a bankruptcy court's finding even if there were some evidence to support it. Acacia therefore correctly argues that we must disapprove the test applied by the district court in reviewing the factual finding of the bankruptcy court.
 
 
 10
 Reversal of the district court's decision is not necessarily compelled, however, if we could determine that the result reached would have been the same and is correct under the proper test. See Stegmaier v. Trammell, 597 F.2d 1027, 1038 (5th Cir. 1979); American Family Life Assurance Co. of Columbus v. Blue Cross of Florida, Inc., 486 F.2d 225, 228 (5th Cir. 1973), cert. denied, 416 U.S. 905, 94 S.Ct. 1609, 40 L.Ed.2d 109 (1974). The record in this case, however, is such as to make it more appropriate for the district court first to review the findings of the bankruptcy court under the correct standard. The testimony of David R. Vaughan that the disputed checking account funds were earmarked as commissions due to brokers in connection with the syndication of the debtor's office park, and were therefore not available to the debtor, would support the finding under the erroneous "no testimony" standard of review. Whether on the entire record, however, the district court would or would not have been left with the definite and firm conviction that a mistake was committed by the bankruptcy court cannot easily be determined on this appeal. It is therefore appropriate to vacate the district court judgment and remand this case for application of the correct test under the required clearly erroneous standard of review.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18