GARWOOD, Circuit Judge:
This is an appeal from an order of the United States District Court for the Western District of Texas affirming the judgment of the United States Bankruptcy Court for the Western District of Texas which denied a motion for attorney’s fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. We reverse and remand.
FACTS AND PROCEEDINGS BELOW
Appellants, Steven Earl Esmond and Cynthia Lee Esmond, a young couple residing in Odessa, Texas, decided to start a gourmet shop selling specialized kitchen items and gourmet foods. They formed a corporation called SEE Properties, Inc. in early 1978 and opened Shoppe Gourmet Unlimited, financed in part by a $40,000 loan to the corporation from the Western National Bank in Odessa, Texas. Later, they opened a restaurant financed in part through an additional loan to the corporation from Western National Bank, guaranteed by the United States Small Business Administration (“SBA”). Appellants guaranteed the loans to the corporation. Ultimately, the corporation went through Chapter 11 reorganization proceedings and was later adjudged bankrupt under Chapter 7. The SBA claimed various liens on assets of the corporation and liquidated those assets at an auction.
Mr. and Mrs. Esmond personally filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, on or about June 7, 1982. The SBA filed a Proof of Claim in that proceeding for a $164,634.93 deficiency in satisfaction of the corporate indebtedness, plus interest in the amount of $38,-507.15 for a total of $203,142.08. On July 15, 1982, the SBA also filed a motion for an extension of time to object to discharge in that Chapter 7 personal proceeding. The bankruptcy court granted the SBA forty-five additional days from the original deadline (set at August 6, 1982 in the Notice to Creditors) for filing its Objection to Discharge.
The SBA filed an Objection to Discharge on September 22, 1982. Basically, the SBA alleged that the debtors Esmond had failed to provide records and documents regarding assets and had engaged in unexplained transfers of assets between the heirs of the estate of Steven Esmond’s father. On October 8, 1982, appellants filed an answer to the Objection to Discharge and a Motion for a More Definite Statement. The court denied the Motion for a More Definite Statement on October 27, 1982, stating that discovery between the parties would be the appropriate way to gather specific facts behind the allegations in the SBA’s Objection to Discharge. Some discovery was instigated although appellants contend that the SBA failed to comply fully with their discovery requests. In January .1983, counsel for the SBA allegedly informed appellants at a deposition that the Objection to Discharge would be dismissed. On March 15, 1983, appellants filed a Motion for Award of Attorney’s Fees pursuant to the Equal Access to Justice Act. Appellants’ Chapter 7 bankruptcy proceeding was converted to a Chapter 11 proceeding on March 24, 1983.
On June 15, 1983, a hearing was held in bankruptcy court which had been scheduled to consider appellants’ objection to the SBA’s Proof of Claim, the SBA’s Objection to Discharge, and appellants’ Motion for Award of Attorney’s Fees under the Equal Access to Justice Act. At that hearing, the SBA announced its intention to dismiss its Objection to Discharge. All testimony and *1108 evidence presented at that hearing pertained exclusively to the SBA’s Proof of Claim. By judgment, dated August 1, 1983 and filed August 8, 1983, the bankruptcy court denied the SBA’s Proof of Claim and denied appellants’ Motion for Award of Attorney’s Fees. It was not until October 17, 1983 that the bankruptcy court filed an order dismissing the SBA’s Objection to Discharge. Both parties appealed the judgment of August 8, 1983 to the district court, though the SBA later dropped its appeal of the denial of its Proof of Claim. On June 12, 1984, the district court affirmed the bankruptcy court’s denial of the Motion for Award of Attorney’s Fees. This appeal followed.
DISCUSSION
A. Substantial Justification. Appellants’ motion for an award of attorney’s fees was filed pursuant to 28 U.S.C. § 2412, commonly known as the Equal Access to Justice Act.[1] As appellants point out, in their brief filed in District Court, their motion seeks attorney’s fees for expenses “incurred only, in responding to and handling the objection to discharge, and, not other matters, in the Bankruptcy Court, unrelated to that specific task.” Appellants contend that the SBA’s Objection to Discharge was not justified; that the SBA failed to comply with their discovery requests made in an effort to clarify the objection; and that the SBA informed appellants at a deposition in January of 1983 that the Objection to Discharge would be dismissed. Appellee contends that its Objection to Discharge was justified based on information available to the SBA regarding incomplete recordkeeping by appellants and unexplained transfers of assets between heirs of the estate of Steven Esmond’s father, and that the Objection to Discharge was dismissed when additional information acquired through discovery negated their suspicions.
The government bears the burden of proving that its position is substantially justified:
“The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government. This allocation of the burden, in fact, reflects a general tendency to place the burden of proof on the party who has readier access to and knowledge of the facts in question. The committee believes that it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable.” H.R.Rep. No. 1418, 96th Cong.2d Sess. 10-11, reprinted in 1980 U.S. Code Cong. & Ad.News 4953, 4984, 4989.
At the June 15, 1983 hearing in bankruptcy court, held to consider, among other *1109 things, the motion for attorney’s fees, all parties and the court appeared ready to consider the motion. However, no evidence was presented on this issue by either party. In its judgment on the motion, the bankruptcy court merely denied the motion without discussion.
On appeal to the district court, that court affirmed the bankruptcy court’s denial of attorney’s fees. Although that court stated that the bankruptcy court’s final judgment was not explicit in its reasons for denying the motion for attorney’s fees, it found that its “tacit factual finding is that the SBA’s position vis-a-vis the Objection to Discharge was substantially justified” and that this finding, encompassed in the ruling denying the motion, should not be set aside unless it were clearly erroneous. Matter of Perimeter Park Investment Associates, 616 F.2d 150 (5th Cir.1980). The district court concluded that appellants had not shown that the finding was clearly erroneous, or on the record as it exists, demonstrated the lack of substantial justification on the SBA’s part.
However, it is the government’s burden in the first instance to show substantial justification and reasonableness for its case. There is nothing in the record to show that the SBA did so. The SBA filed no response to appellants’ Motion for Award of Attorney’s Fees and no evidence or testimony was produced at the bankruptcy hearing to show substantial justification for its Objection to Discharge. Furthermore, the bankruptcy court made no explicit finding of fact or ruling on why it was denying attorney’s fees. Rather than infer a finding of substantial justification, considering the total lack of evidence regarding this issue, this Court remands to the bankruptcy court to give the parties an opportunity to present their evidence on this issue and have that court make a specific finding on the issue of whether the SBA was substantially justified in filing its Objection to Discharge.
B. Timing. Appellee also contends that the denial of attorney’s fees is proper because appellants did not comply with the procedural requirements of the Equal Access to Justice Act, which requires that an application for attorney’s fees be filed “within thirty days of the final judgment in the action” showing that the moving party is the prevailing party.[2] Appellee contends that, because appellants never filed an application after the dismissal of the SBA’s Objection to Discharge— the time at which they became the prevailing party — and their earlier motion was premature because they were not yet prevailing parties, they were not in compliance with the statute. Appellants contend that their original motion was timely filed and that they were acting on the representation of counsel for the SBA that the Objection to Discharge would be dismissed.
The district court was persuaded by the SBA’s argument and affirmed the denial of attorney’s fees based on a finding that the motion was not filed within thirty days of the dismissal of the Objection to Discharge and that appellants were not prevailing parties when the motion was filed. However, in this case, this Court will not affirm the denial of attorney’s fees on those grounds. The SBA made no response to appellant’s original motion for attorney’s fees which challenged the timing of the application. Nor did the SBA challenge the timing of the motion at the hearing in the bankruptcy court. In fact, both parties and the court treated the motion as if it were properly before the bankruptcy court at the June 15, 1983 hearing, though no evidence was produced on the issue. Fur *1110 thermore, the SBA did not challenge the timing of the original motion until well after the thirty day. period following the October 17, 1983 order of dismissal of the Objection to Discharge, during which appellants could have filed a timely application in strict and full compliance with the statute; Therefore, the SBA should not be allowed to rely on its complaint of a procedural deficiency now.
For the foregoing reasons, this case is reversed and remanded.
REVERSED and REMANDED.

. Section 2412 provides in relevant part:
"(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
“(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust".

. 28 U.S.C. § 2412(d)(1)(B) specifies:
"(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege the position of the United States was not substantially justified.”