AUKE BAY CONCERNED CITIZEN'S
ADVISORY COUNCIL,
Plaintiff-Appellant,

v.

John MARSH, Jr., Secretary of the Army;
Lt. Gen. Joseph Bratton, Chief of the
Corps of Engineers; Col. Lee R. Nunn,
District Engineer for Alaska; and Lt.
Col. Joseph L. Perkins, Engineer for
the District of Alaska; State of Alaska,
Department of Environmental Conser-
vation, Defendants-Appellees,

and

State of Alaska, Department of Trans-
portation and Public Facilities,
Intervenor/Defendant/Appellee.

No. 84–3812.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 1985.

Opinion Filed March 12, 1985.

Withdrawn May 28, 1985.

Decided Jan. 7, 1986.

Richard M. Burnham, Findley & Burn-
ham, Juneau, Alaska, for plaintiff-appel-
lant.

Albert M. Ferlo, Jr., Dept. of Justice,
Land & Resources Div., Appellate Section,
Washington, D.C., for defendants-appel-
lees.

Before WRIGHT and TANG, Circuit Judges, and CROCKER *, District Judge.

## OPINION

TANG, Circuit Judge:

Auke Bay Concerned Citizen's Advisory Council (Auke Bay) appeals judgment from the district court denying its motion for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982). Because Auke Bay's filing was timely under the language of EAJA, we reverse and remand.

## FACTS

Appellant filed a complaint in district court in March, 1982 requesting that the construction of a breakwater and marina project in Auke Bay, Alaska be enjoined prior to the preparation of an Environmental Impact Statement (EIS). By Memorandum and Order filed September 7, 1982, the court granted a permanent injunction prohibiting construction of the project until an EIS had been properly prepared.

On December 20, 1982, Auke Bay filed a motion for an award of attorney fees and expenses. The issues were briefed by all parties and Auke Bay's reply memorandum filed on January 24, 1983.

On August 11, 1983, formal judgment was entered, in accordance with Rule 58, Fed.R.Civ.P. On November 22, 1983, the district court denied Auke Bay's motion for attorney fees as premature, Auke Bay having filed its motion before entry of final judgment. The court noted that but for the untimely filing, fees would have been awarded.

## DISCUSSION

The Equal Access to Justice Act permits an award of reasonable attorney fees and expenses to a party who prevails in a civil action against the United States, unless the government's position was substantially justified, and if the party meets certain financial requirements. 28 U.S.C. § 2412(d)(1)(A), (1)(B), and (2)(B).[1] The EAJA requires that a party make application for attorney fees "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B).

██ "Final judgment" is defined by its common usage in contexts such as Federal Rule of Civil Procedure 54. *McQuiston v. Marsh*, 707 F.2d 1082, 1085 (9th Cir.1983). Therefore, for purposes of applying for attorney fees under the EAJA, the district court entered its final judgment on August 11, 1983,[2] approximately eight months after Auke Bay moved for an award.

Appellee Marsh contends that, as a waiver of sovereign immunity, the EAJA's requirements to obtain attorney fees should be strictly construed. Appellee contends that the "within thirty days of final judgment" language should be interpreted to require a party to apply for attorney fees after entry and within thirty days of final judgment. Therefore, Marsh argues, Auke Bay's motion for attorney fees was untimely.

Auke Bay argues that its motion should not have been dismissed as premature, but should have been considered as "pending" before the district court. Auke Bay contends that to require renewal of its motion for an award of attorney fees after entry of final judgment elevates form over substance, and defeats the remedial purpose behind the EAJA.

Under well established precedent, waivers of federal sovereign immunity "can not be implied but must be unequivocally expressed." *NAACP v. Civiletti*, 609 F.2d 514, 516 (D.C.Cir.), *cert. denied*, 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980) (quoting *United States v. King*, 395 U.S. 1,

---

\* The Honorable Myron Donovan Crocker, United States District Judge for the Eastern District of California, sitting by designation.

1. Subsection (d) was repealed effective October 1, 1984, but continues to apply through the final disposition of any action commenced before that date. The subsection was recently restored by Congress, Pub.L. No. 99–80, 99th Cong., August 5, 1985.

2. In the district court's Memorandum and Order, it stated that final judgment was entered on August 9, 1983. However, the Civil Docket Sheet indicates judgment was entered August 11, 1983.

89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Under the EAJA, attorney fees are not permitted absent explicit statutory authority. *E.g., Id. Cf. Miller v. United States,* 587 F.2d 991, 996 (9th Cir.1978). Furthermore, the thirty day limitation period under the EAJA for submitting fee applications is jurisdictional. *Cf. Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983). Therefore it should be narrowly construed. *Action on Smoking and Health v. CAB,* 724 F.2d 211, 225 (D.C.Cir.1984).

Section 2412(d)(1)(B) establishes a clear date *after which* applications for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time *before which* applications must be rejected.

Other circuits have held that applications filed before final judgment are timely, but have not specified how early an application may be. *Miller v. United States,* 753 F.2d 270, 274 (3d Cir.1985); *Taylor v. United States,* 749 F.2d 171, 175 n. 8 (3d Cir.1984); *Matter of Esmond,* 752 F.2d 1106, 1109 (5th Cir.1985).

■ We hold that an application for attorney fees under 28 U.S.C. § 2412(d) is timely only if (1) the applicant files no more than 30 days after final judgment, and (2) the applicant is able to show that he or she "is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B).

This reading of the EAJA upholds the jurisdictional nature of the limitation period and limits early applications to cases where, as here, a court order substantially grants the applicant's remedy before final judgment is entered. In other cases, the applicant would be unable to show that he or she had prevailed.

■ Auke Bay's application was timely.

The judgment of the district court is

REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.