In re The **FRESHER COOKER, INC.**

**RESTAURANT PROPERTIES ASSOCIATES, Appellant,**

v.

The **FRESHER COOKER, INC., Appellee.**

No. C 87–0558–L(B).

United States District Court, W.D. Kentucky, Louisville Division.

Jan. 20, 1988.

---

Frank G. Simpson, Louisville, Ky., for appellant.

David T. Stosberg, Louisville, Ky., for appellee.

## MEMORANDUM

BALLANTINE, District Judge.

The appellant, Restaurant Properties Associates (RPA), appeals from a final judgment of the United States Bankruptcy Court for the Western District of Kentucky finding RPA to hold certain administrative and general, unsecured claims against the debtor appellee, Fresher Cooker, Inc.

RPA leased a commercial restaurant property, located in Orlando, Florida, to Fresher Cooker for a term of ten years, commencing February 1, 1984. Monthly rental was $2,600.00 plus Florida sales, use and real estate taxes. Included within the leasehold were various items of restaurant equipment owned by RPA. This equipment was previously installed for use by a former tenant engaged in the fast food business.

In May of 1985, Fresher Cooker ceased paying rent and taxes and on June 7, 1985, the appellee filed for relief under Chapter 11 of the Bankruptcy Code.

Subsequently, RPA filed a motion to compel Fresher Cooker either to adopt or to reject the lease and to pay past due rent. On September 27, 1985, the Court ordered that Fresher Cooker would have "up to and including October 28, 1985 in which to accept or reject the executory contract." Fresher Cooker filed a motion to reject the lease on October 17, 1985 and that motion was sustained on December 2, 1985.

When RPA's agent re-entered the property, he discovered that the restaurant equipment had been removed. Following the re-entry, the building was completely destroyed by fire.

RPA filed claims against Fresher Cooker for prepetition and postpetition rent and taxes, replacement cost of the missing equipment, damage to the leasehold and market value reduction of the property during Fresher Cooker's tenancy. Trial was held and judgment entered.

RPA alleges that the Bankruptcy Court erred by (1) failing to award the appellant damages for neglect and destruction of the leasehold; (2) ruling that Fresher Cooker's tenancy ended on October 28, 1985, and (3) calculating damages for the missing equipment based on Fresher Cooker's unauthorized sale of the equipment.

RPA contends that Fresher Cooker damaged the leasehold premises by careless removal of the restaurant equipment and neglect of the premises after vacating the

building. It is not clear whether RPA still maintains, as it did at trial, that Fresher Cooker is liable for the destruction of the building by fire.

RPA argues that Fresher Cooker is liable, as a matter of law, for any damage to the leased premises based on Paragraphs 3, 8 and 11 of the lease between RPA and Fresher Cooker. These paragraphs provide, in pertinent part, as follows:

3. Lessee covenants and agrees not to commit or permit waste and/or nuisance on the Leased Premises....

\* \* \* \* \* \*

8(a). Lessee, at its expense, shall keep the Leased Premises ... in good operating condition and repair and will provide all maintenance required thereto and make all necessary repairs and replacements thereto.... At the termination of the Lease, Lessee will surrender the Leased Premises to Lessor in good condition and repair....

\* \* \* \* \* \*

11. In the event the Leased Premises ... are damaged or destroyed by fire, accident or any other form of casualty ... Lessee will restore, repair, replace or rebuild the same at its cost....

■ The testimony of RPA's witnesses as to the extent of damages to the building at the time the lease expired was inconsistent and vague. RPA made no attempt to evaluate or calculate damages with any degree of certainty. Eventually the uninsured building literally burnt to the ground and the land on which it stood was sold by RPA. Fresher Cooker bore no liability for the fire damage because the building was in the control and custody of RPA at the time of the fire and RPA could establish no link between any actions or omissions of Fresher Cooker and the cause of the fire. Addressing other alleged damage, the Court found that RPA had not sustained its burden to show the amount of damage and the liability of Fresher Cooker. In arriving at its decision, the Court heard credible evidence from James Bond who testified that the restaurant equipment was properly removed and the premises cleaned and secured as Fresher Cooker moved from the building. The bankruptcy court's factual findings must be affirmed unless clearly erroneous. *Matter of Perimeter Park Investment Associates, Ltd.*, 616 F.2d 150 (5th Cir.1980).

■ RPA next argues that Fresher Cooker's tenancy did not end on October 28, 1985, but terminated instead on December 2, 1985, the day the Court approved Fresher Cooker's rejection of the lease.

Title 11 U.S.C. § 365 permits the assumption or rejection of unexpired leases by the debtor. "In Chapter 11 cases there are no time constraints and any party having an interest in the lease may raise the issue at any time." *In re Royal International Corp.*, 30 B.R. 750 (Bankr.W.D.Ky.1983). The Court ordered Fresher Cooker to accept or reject the lease by October 28, 1985, on the motion of RPA. Fresher Cooker affirmatively rejected the lease on October 17, 1985. The lease was effectively rejected and Fresher Cooker's tenancy terminated on October 28, 1985.

■ RPA's final argument involves the amount of damages awarded to RPA for the missing restaurant equipment. RPA maintains that its damages totaled $32,-915.00, the cost of replacing the missing items. The Court, however, awarded RPA $1,800, the amount received by Fresher Cooker when it sold the equipment at a prepetition auction. The Court correctly held that "the measure of damage is the value of the equipment at the time of the loss." Restatement, Torts 2d § 927(a).

RPA disputes Fresher Cooker's assertion that the restaurant equipment was sold prior to the bankruptcy filing. But the Court found, based on the testimony as a whole, that the equipment was sold in February, 1985, six months before the petition for bankruptcy was filed. The Court's finding is not clearly erroneous, but is the logical outcome of the testimony presented. *Matter of Perimeter Park Investment Assoc., Ltd.*, 616 F.2d at 150.

For the reasons discussed in the memorandum above, the judgment of the United

States Bankruptcy Court for the Western District of Kentucky is hereby affirmed.